## 32929. WATSON v. STYNCHCOMBE.

Undercofler, Presiding Justice.

Earl Gene Watson contested his extradition to Florida by habeas corpus petition claiming that the documents supporting the request from Florida were incomplete. Code Ann. § 44-404. The habeas court found that the documents were in order and denied habeas relief. Watson appeals and we affirm.

1. Watson's first argument, that there was no formal request for his extradition from the Governor of Florida to the Governor of Georgia, is without merit as such a document appears in the record.

2. His second contention, that the record does not contain a copy of a judgment of conviction, has more substance to it. Code Ann. § 44-404 in pertinent part requires that the extradition request must be "accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; *or* by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement . . . that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole." (Emphasis supplied.) The documents accompanying the Florida Governor's request are an affidavit by a detective before a magistrate setting out the details of the offense for which Watson stands accused in Florida, selling a controlled substance (cocaine); a copy of the information so charging him; and an alias capias ordering the sheriffs of Florida to bring Watson "to answer unto the State of Florida on a *Finding of Guilt* for Conspiracy to Sell Controlled Substance." (Emphasis supplied.)

Watson argues that since he has been found guilty, a copy of the judgment of conviction[1] is required, and, being

---

[1] The state argues that the finding of guilt does not amount to a judgment of conviction. The document entered by the state in the record of the bond reduction

absent, the extradition is incomplete and his habeas should have been granted. We find nothing in the statute mandating which set of documents must be included. But Watson argues that the most current posture of the case must be reflected in the extradition request. See Blasi v. State, 192 S2d 307 (Fla. App., 1966).

Assuming without deciding that his position is correct, we hold that the status of petitioner's case is amply reflected by the included documents. It is clear that Watson had been found guilty, but had not been sentenced, that he had failed to appear at his sentencing hearing and that a warrant for his arrest, an alias capias, had been issued. He was then discovered in Georgia and the extradition proceedings were commenced. Since the information, affidavit and capias are all part of the extradition request, we find that the requirements of the statute have been met. Therefore, the habeas court properly denied Watson's petition. A judgment correct for any reason will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 8, 1977.

*Andrew A. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.

hearing before the habeas court, refutes this contention. State v. Sweetman, 302 S2d 164 (Fla. App., 1974).