36633. THE STATE v. WILLIAMS et al.

MARSHALL, Justice.

In this case, the appellees were brought to trial under an indictment charging that they intentionally "did destroy, damage and deface certain government property, to wit: 157 trees, property of State of Georgia, State Highway Department." See Code Ann. § 26-2613. The state presented evidence, including oral admissions by the appellees, that they had cut down trees from a State Highway right-of-way to facilitate motorists' viewing billboards owned by appellee Williams. After presentation of the state's case-in-chief, the trial judge granted the appellees' motion for directed verdict. In statements made by the judge at trial and in his written order subsequently entered, it appears that the trial judge made this ruling because the indictment charges the appellees with interfering with property of the State Highway Department, but there is no such agency — the agency formerly known as State Highway Department now being the Department of Transportation (DOT). See Code Ann. § 40-35191 (Ga. L. 1972, pp. 1015, 1064).

The state appealed to the Court of Appeals. The Court of Appeals dismissed the state's appeal on the ground that directed verdicts of acquittal are not appealable by the state under Code Ann. § 6-1001a. We granted the state's application for certiorari. We reverse.

1. It is true that the government may not appeal a trial court's grant to a criminal defendant of a directed verdict of acquittal based

on an insufficiency of the evidence to support a conviction, in that a new trial would be barred by the double jeopardy clause of the Fifth Amendment. United States v. Martin Linen Supply Co., 430 U. S. 564 (97 SC 1349, 51 LE2d 642) (1977). See also Burks v. United States, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978). The government cannot appeal such a directed verdict of acquittal, even if it is erroneously granted. United States v. Martin Linen Supply Co., supra.

In United States v. Jenkins, 420 U. S. 358 (95 SC 1006, 43 LE2d 250) (1975), the United States Supreme Court held that the government could not appeal the dismissal of an indictment after jeopardy had attached, even if the dismissal of the indictment did not amount to an acquittal on the merits. In United States v. Scott, 437 U. S. 82 (98 SC 2187, 57 LE2d 65) (1978), the Supreme Court overruled Jenkins and held that when a criminal defendant obtains a termination of the trial in his favor before any determination of factual guilt or innocence, a new trial is not barred by the double jeopardy clause. Accordingly, in Scott it was held that the government has the right to appeal a midtrial dismissal of various counts of an indictment based on prejudicial preindictment delay. In rendering the foregoing decisions, the Court has emphasized that what does and does not constitute an acquittal on the merits is to be controlled by the substance of the judge's action and not the form. United States v. Martin Linen Supply Co., supra.

Looking to the substance of what the trial judge did here, we agree with the state that the order appealed from is not a directed verdict of acquittal on the merits, but a dismissal of the indictment because it alleges ownership of the trees in a now defunct agency of state government. In reaching the conclusion that this is in substance a dismissal of the indictment, we find it critical that the fact that the State Highway Department is now DOT is subject to judicial notice (see Code Ann. § 38-113) and, therefore, the trial judge's grant of the appellees' motion does not rest on the evidence or lack thereof adduced at trial. A directed verdict of acquittal is based on the evidence demanding a verdict of acquittal because of a lack of conflict therein. See Code Ann. § 27-1802. The ruling of the trial court is in substance a dismissal of the indictment, and the state may appeal an order dismissing an indictment under Code Ann. § 6-1001a (a), even if the order is entered during the course of the trial. United States v. Scott, supra.

2. Reaching the merits of this appeal, we hold that the trial judge erred in dismissing the indictment.

We do agree with the trial judge that when an accused is indicted for criminal interference with property of the State of Georgia under Code Ann. § 26-2613, ownership of the property is an essential

element of the crime, but it is proof of ownership in the State of Georgia, not any particular agency thereof, that is essential. Whether referred to as the State Highway Department or the DOT, each of these is merely an agency of the state. See *Tounsel v. State Highway Dept.,* 180 Ga. 112, 116 (178 SE 285) (1934). The indictment charges the appellees with damaging and defacing trees of the State of Georgia, and the fact that the indictment further alleges that the trees belong to the State Highway Department, rather than the DOT, does not constitute a fatal variance. See generally *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969); *Ingram v. State,* 137 Ga. App. 412 (3b) (224 SE2d 527) (1976).

*Judgment reversed. All the Justices concur, except Clarke, J., who dissents.*

ARGUED NOVEMBER 17, 1980 — DECIDED DECEMBER 2, 1980 —
REHEARING DENIED DECEMBER 16, 1980.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, William C. Joy, Larry H. Evans, Assistant Attorneys General,* for appellant.

*J. Converse Bright, Tom W. Thomas,* for appellees.