## 40227. LEDESMA et al. v. THE STATE.
## 40315. MERRITT v. THE STATE.

GREGORY, Justice.

Miriam Billings Ledesma and Wesley Merritt were convicted of conspiring to sell cocaine in violation of the Georgia Controlled Substances Act. The indictment charged that appellants, along with three other named individuals, "from the 22nd day of June 1982 through the 22nd day of October 1982, did unlawfully conspire to violate Schedule II of the Georgia Controlled Substances Act by joining among themselves and others to sell cocaine, and certain members of such conspiracy did sell cocaine in violation of Schedule II of the Georgia Controlled Substances Act." The three co-defendants entered guilty pleas; two of them, Wesley Freeman and Joseph Downing, testified against appellants at trial.

(1)(a) Appellants argue the trial court erred in denying their motions for directed verdicts of acquittal. OCGA § 17-9-1 (Code Ann. § 27-1802). Appellants maintain the State's evidence failed to prove a conspiracy took place within the time frame alleged in the indictment. "In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations." *Grayson v. State,* 39 Ga. App. 673 (148 SE 309) (1929); *Price v. State,* 247 Ga. 58, 59 n. 1 (273 SE2d 854) (1981). Where, however, the indictment specifically alleges the date of the offense is material, the accused may be convicted only if the State's proof corresponds to the date alleged. *Bloodworth v. State,*

128 Ga. App. 657 (197 SE2d 423) (1973); *Price,* supra. The indictment in this case did not allege the dates of the offense were material. We hold that so long as the evidence shows the existence of a conspiracy as alleged in the indictment, without regard to the dates alleged, the State may offer any evidence relevant to the conspiracy during the statutory period of limitations.[1]

Here, the State's evidence showed that in May 1982 Derrick Brown committed an armed robbery in which appellant Ledesma's purse was taken. Following Brown's arrest police recovered the purse. Inside it they found a ledger cataloging drug-related transactions and a record of monies owed her by persons to whom she supplied drugs. At the trial of this case Brown testified that he had observed Ledesma "cutting cocaine" on a number of occasions between December 1981 and March 1982. Brown also admitted Ledesma had been his "source" for cocaine since December 1981.

Co-defendant Wesley Freeman testified "in the summer of 1982" he received drugs, which he subsequently sold, from co-defendant Joseph Downing. According to Freeman, appellant Ledesma supplied these drugs to Downing. Freeman further testified that "in September or October" of 1982 he observed appellant Ledesma supply drugs to co-defendant Delores Snead; Snead, in turn, gave a portion of these drugs to Freeman to sell.

Co-defendant Joseph Downing testified that appellant Ledesma supplied the drugs which he sold. He also testified that in September or early October of 1982[2] he heard Wesley Freeman telephone appellant Merritt to arrange for the delivery of a package of cocaine.

Both Downing and Freeman admitted selling cocaine during the alleged time of the conspiracy. At least one sale by Freeman was corroborated at trial by the testimony of an undercover police officer.

An October 23, 1982 search of the Wes-Mer Chemical Company, in which appellants Ledesma and Merritt were corporate officers, disclosed substantial drug paraphernalia and numerous plastic bags containing cocaine residue. In Ledesma's desk police found a drug-testing apparatus and ledgers recounting drug transactions. The trial court did not err in denying the motion for directed verdict of acquittal. The evidence showed an established organization,

---

[1] We point out that our holding here does not alter OCGA § 24-3-5 (Code Ann. § 38-306), which provides "After the fact of conspiracy is proved, the declaration by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

[2] Downing testified that this conversation occurred "five or six months" prior to trial. Trial commenced on February 9, 1983.

headed by Merritt and Ledesma, which conducted seminars in drug sales techniques and supplied cocaine to middlemen who, in turn, provided it to others for sale "on the street." This evidence meets the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Nor did the trial court err in denying appellant Merritt's motion for directed verdict on the ground that the testimony of accomplices Downing and Freeman was uncorroborated. Where two or more accomplices testify at trial, the testimony of one accomplice may be corroborated by the testimony of the other. *Eubanks v. State,* 240 Ga. 544(1) (242 SE2d 41) (1978). The drug paraphernalia recovered from Wes-Mer Chemical Company and evidence showing Merritt's association with two drug couriers provided additional corroboration, thus satisfying the requirement of *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976).

(2) Following the May 1982 armed robbery of her home, Ledesma reported the incident to the police, including the fact that her purse had been taken by the robber. She identified Derrick Brown as the robber and gave police a description of him. Police subsequently apprehended Brown who led them to a wooded location where he had hidden Ledesma's purse. According to police testimony, the purse was inventoried for use in the armed robbery charge against Brown; the officer conducting the inventory testified that it was police procedure to inventory recovered stolen property. During the inventory police discovered ledgers detailing drug transactions.

Prior to the trial of this case Ledesma filed a motion to suppress these drug ledgers. The trial court denied the motion and the ledgers were admitted in evidence. We find no Fourth Amendment violation. The police recovered property which Ledesma reported stolen. A routine police inventory was conducted to determine whether the purse, in fact, belonged to Ledesma and whether the currency Ledesma had reported was in the bag remained there. The police were in lawful possession of Ledesma's purse, and it was proper to make a good-faith inventory of the contents. See, State v. Johnson, 23 Ariz. App. 64 (530 P2d 910) (1975). We hold that this search and seizure was reasonable under the Fourth Amendment.

(3) Appellants argue the trial court erred in denying Ledesma's motion to suppress evidence seized in a search of her car pursuant to an arrest on September 14, 1982. As a result of this arrest Ledesma was convicted of possession of a firearm and violation of the Controlled Substances Act. This court affirmed, finding the motion to suppress was properly denied. *Ledesma v. State,* 251 Ga. 487 (306 SE2d 629) (1983).

Prior to the trial of this case Ledesma renewed her motion to suppress the evidence seized as a result of the September 14 arrest. The trial court[3] declined to put the State to its proof a second time, but permitted appellants the opportunity to call witnesses or otherwise offer evidence which would raise issues different from those raised in the first motion to suppress. Appellants declined to do so. We find no error.

(4) Appellant Merritt argues the trial court erred in refusing to charge the jury that a witness may be impeached by proof of his conviction of a crime of moral turpitude. The trial court instructed the jury that a witness may be impeached by contradictory state-ments or by disproving facts he has testified to.

Over the State's objection appellant was permitted to elicit responses from Joseph Downing and Wesley Freeman that each had prior felony convictions. Appellant did not offer the records of these convictions in evidence. This court has held, for the purposes of impeachment, the prior conviction of an adverse witness cannot be shown by cross-examination of the witness. To impeach a witness by a prior conviction the conviction must be proved by the record of conviction itself, not by cross-examination. *Timberlake v. State,* 246 Ga. 488, 499 (271 SE2d 792) (1980). Even though the trial court erroneously allowed appellant to question the witnesses about past felony convictions, appellant is not entitled to the requested charge on impeachment because he failed to offer the proper evidence which would be the records of conviction.

(5) Appellants argue that their character was impermissibly placed in evidence twice during trial. Motions for mistrial were made in each instance and denied by the trial court.

(a) When asked by the State "in what capacity" he had ever seen Ledesma in the company of a drug courier known as "NeNe," Derrick Brown replied, "Just large quantities of marijuana." Ap-pellants argue this put Ledesma's character in issue by bringing in evidence of an unproved crime. Brown's statement was, however, relevant to prove Ledesma's association with a drug courier whom the State linked to the conspiracy. "Evidence relevant to an issue in the case is not rendered inadmissible because it may incidentally impugn the character of an accused where character is not otherwise in issue." *Duck v. State,* 250 Ga. 592, 598 (300 SE2d 121) (1983).

(b) On direct examination the State asked the officer who arrested Ledesma on September 14, 1982 to identify calculator tapes

---

[3] The record indicates the trial judge who ruled on the first motion to suppress heard Ledesma's motion to suppress in this case.

taken from Ledesma's purse "without going into the reason for the investigation" leading to his possession of her purse. These calculator tapes contained "names and figures" which the State argued were linked to drug transactions made in furtherance of the conspiracy. On cross-examination this officer was asked if Ledesma consented to the search of her purse. The officer answered, "she was under arrest at the time, counselor." Ledesma argues the officer's statement improperly introduced evidence of another crime and was unresponsive to her question. The trial court found that the question had been asked to suggest a lack of authority to examine Ledesma's purse, and that the officer's explanation of his investigation was admissible. "Under the facts set forth ... we do not think that the trial court erred in overruling the . . . motion for mistrial. The answer complained of [was] responsive to questions propounded by the defense counsel . . . A trial court does not commit error by failing to strike answers which are responsive or which explain responsive answers." *Lemon v. State,* 235 Ga. 74, 75 (218 SE2d 818) (1975).

(6)(a) Appellants argue the trial court erred in denying their motions to suppress evidence seized in three searches conducted in October 1982. It is not disputed that electronic surveillance was used to gather information which, in part, established probable cause for the warrants used to execute these searches. Appellants maintain the affidavits used to support the authorization of the wiretaps were insufficient as a matter of law. They insist this insufficiency renders the search warrants invalid.

The trial court conducted a hearing on this motion to suppress, considering the affidavits used to support the issuance of the wiretaps and receiving testimony from the trial judge who authorized the electronic surveillance in this case. Thereafter the trial court ruled that the wiretaps were lawful. Appellants have not demonstrated to this court in what respect the evidence before the authorizing judge was insufficient. Absent a showing of error to this court, the judgment of the trial court is presumed to be correct. *Miller Grading Contractors v. Ga. Federal Savings &c. Assn.,* 247 Ga. 730 (279 SE2d 442) (1981); *Watson v. Stynchcombe,* 240 Ga. 169 (240 SE2d 56) (1977).

(b) Appellants argue that evidence obtained from the electronic surveillance was not properly sealed as required by OCGA § 16-11-64 (b) (8) (Code Ann. § 26-3004). Pretermitting a resolution of the merits of this issue, we note that the remedy for a violation of this section is to render the wiretap evidence inadmissible. See *Cox v. State,* 152 Ga. App. 453 (263 SE2d 238) (1979). As appellants concede no wiretap evidence was admitted at trial, we find no error.

(7)(a) Appellants next make a number of inter-related attacks

on OCGA § 17-5-21 (Code Ann. § 27-303), which sets forth the scope of a search pursuant to a warrant, and OCGA § 16-14-7 (f) (Code Ann. § 26-3405), which authorizes the seizure of property subject to forfeiture under the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO).

According to appellants, a number of their "private papers" were seized in violation of OCGA § 17-5-21 (Code Ann. § 27-303) and the Fourth Amendment to the United States Constitution during the October 1982 searches. These papers consisted of a ledger reciting drug transactions; two desk calendars recounting drug transactions and the name of a drug courier; deposit slips for Wes-Mer Chemical Company found at appellant Merritt's real estate business; a business license of Wes-Mer Chemical Company; and an employment contract between a third party and Wes-Mer Chemical Company. Both the business license and contract denominated appellant Merritt as a corporate officer in Wes-Mer Chemical Company, and both were found during the search of Merritt Realty. Appellants maintain the scope of the search warrants did not extend to the seizure of these papers. These search warrants were not offered in evidence and are not a part of this record.

Appellants submit that these papers were seized under the purported authority of OCGA § 16-14-7 (Code Ann. § 26-3405) which permits the seizure of "all property of every kind used or intended for use in the course of . . . a pattern of racketeering activity . . ." Appellants insist that this statute conflicts irreconcilably with both OCGA § 17-5-21 (Code Ann. § 27-303) and the Fourth Amendment which, appellants argue, do not permit the seizure of private papers in absence of a warrant authorizing their seizure. We point out that OCGA § 17-5-21 (Code Ann. § 27-303) does not preclude the seizure of private papers not listed in the warrant where those papers are the instrumentalities of a crime and the search is otherwise valid. *Tuzman v. State,* 145 Ga. App. 761 (244 SE2d 882) (1978), cert. den. 439 U. S. 929 (99 SC 317, 58 LE2d 323). Nor does the Fourth Amendment preclude the seizure of private papers under these circumstances. United States v. Crouch, 648 F2d 932 (4th Cir. 1981), cert. den. 454 U. S. 952 (102 SC 491, 70 LE2d 259); Louie v. United States, 426 F2d 1398 (9th Cir. 1970), cert. den. 400 U. S. 918 (91 SC 180, 27 LE2d 158); 79 ALR2d 1005.[4] Furthermore, we hold that these documents are not private papers. See, McCormick, *Evidence* (2d Ed.), § 170, pp. 380-381. See also, LaFave, *Search and Seizure,* §

---

[4] For a discussion of Fourth Amendment implications where the papers seized are not instrumentalities of a crime, see LaFave, *Search and Seizure,* § 2.6(e), pp. 391-399.

2.6(e), pp. 395-8. Appellants concede that these papers could have been seized under the broad reach of OCGA § 16-14-7(f) (Code Ann. § 26-3405). As we have determined that the seizure of these papers contravened neither OCGA § 17-5-21 (Code Ann. § 27-303) nor the Fourth Amendment, we do not find the conflict urged by appellants.

(b) This court has upheld the RICO statute against the facial constitutional attack made here. *Waller v. State,* 251 Ga. 124 (303 SE2d 437) (1983). There is no merit to appellants' contention that this statute gives law enforcement officers unbridled discretion to search for evidence of illegal activity.

(8) The record indicates that at the hearing on the motion to suppress evidence obtained in the October 1982 searches, the trial court considered the search warrants and supporting affidavits in determining there was sufficient probable cause to authorize the searches. The failure to put the search warrants in evidence is not reversible error where appellants have not shown harm. *Merritt v. State,* 121 Ga. App. 832 (175 SE2d 890) (1970).

(9) We have carefully examined appellants' enumerations of error regarding the correctness of the trial court's charge and find them to be without merit.

(10) Following their convictions in February 1983, appellants filed motions for appeal bond. The trial court denied the motions finding a substantial likelihood existed that appellants would commit other crimes if released. *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976). In their briefs appellants state that they timely filed notices of appeal from this decision, but later withdrew them. An appeal of this issue is now untimely.

(11) In case no. 40227, appellant Merritt appeals from the denial of a subsequent motion for appeal bond. That case is dismissed as moot.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating in case no. 40315.*

DECIDED JANUARY 5, 1984 —
REHEARING DISMISSED JANUARY 31, 1984.

*J. M. Raffauf, Charles R. Smith,* for appellants.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert, III, Assistant District Attorney,* for appellee.