## 71445. KLOSZEWSKI v. THE STATE.
(338 SE2d 741)

McMURRAY, Presiding Judge.

Defendant was convicted of trafficking in cocaine. He appeals, enumerating error upon the denial of his motion to suppress evidence from wire or oral communications and the denial of his motion for new trial. *Held*:

1. Defendant contends the State failed to carry its burden of proving that the search and seizure were lawful. See OCGA § 17-5-30 (b). In support of his contention, defendant argues that the State failed to put the search warrants in evidence. Defendant's argument is not meritorious. Although the warrants do not appear in the original record, examination of the supplemental record (which has been transmitted to this court pursuant to OCGA § 5-6-41 (f)) demonstrates that the search warrants were submitted in evidence. Moreover, it is clear that the trial court considered the search warrants in determining that there was probable cause to conduct the searches. Thus, even if the search warrants were not put in evidence, reversible error would not be apparent. *Ledesma v. State*, 251 Ga. 885, 891 (311 SE2d 427).

2. It is also asserted that the Fulton County district attorney was not authorized to apply for surveillance warrants for defendant's telephone and the Fulton County superior court judge was not authorized to issue surveillance warrants for defendant's telephone because his telephone was located in DeKalb County. The evidence adduced at the suppression hearing demonstrates that the only electronic equipment used by the district attorney in DeKalb County was an inducter coil. The other pieces of equipment, a control unit, a pen register and a tape recorder were physically located in Fulton County. Thus, the only "devices" used to overhear and record defendant's conversations were located in Fulton County and the surveillance warrants were properly sought and issued there. *Evans v. State*, 252 Ga. 312 (1) (314 SE2d 421), cert. denied, ___ U. S. ___ (105 SC 106, 83 LE2d 50).

3. The assignment of error challenging the denial of defendant's motion for new trial is not supported by argument or citation of authority and is deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED DECEMBER 3, 1985.

*Glenn Zell,* for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, James W. Richter, Assistant District Attorneys,* for appellee.