## 73984. THE STATE v. BRYANT et al.
(356 SE2d 656)

DEEN, Presiding Judge.

Appellees Christopher Lawrence Bryant and Olen Earl Bryant were charged with the offense of burglary on March 29, 1986, the indictment alleging that they "without authority and with intent to commit a felony therein, did enter the building of Ponderosa Systems, located at 3950 Jonesboro Road, Forest Park." A second count charged Olen Earl Bryant with possession of a knife during commission of a crime.

At trial the state presented evidence that a patrol officer noticed a truck parked behind a vacant building that used to house a restaurant and upon investigation saw that a door at the back of the building was open. The officer called for backup help and entered the building, where he found appellants moving kitchen equipment around. One of them was holding a rolled up piece of paper which was burning. After appellees were arrested the investigating officers "found places on the floor where paper had been wadded up and had been set on fire evidently so they could see what they were doing because the electricity had been turned off." One officer testified that in some of these places, if the paper "had caught up real good, the place could have caught on fire." The assistant district attorney was allowed to introduce in evidence over objection several pieces of this burned paper to show "the potential felony of arson." An agent of the building's owner was questioned as to what the financial loss to the company would have been "if the building had burned down." The fire department investigator testified that if one of the fires had gone undetected "it could have destroyed the interior of the building."

When the state rested its case, defense counsel moved for a directed verdict on the ground that there was no evidence the appellees started the fires found by the police and thus the state had failed to prove any intent to commit a felony. The state responded that it was "also contending that the other felony that was going to be committed was a theft . . . and therefore, a directed verdict [was] not merited at [that] time." The court and counsel discussed which degree of arson the state was seeking to establish and the court ruled that there had been no showing that the fires started endangered human life, as required for arson in the first degree (OCGA § 16-7-60); no evidence that there was any damage to the building, as contemplated by arson in the second degree (OCGA § 16-7-61); and no evidence that any personal property was damaged, as outlined by OCGA § 16-7-62, so as to constitute arson in the third degree. The court further noted that "[a]s to the issue of felony theft, that specific allegation has to be alleged in the indictment. Theft is one way of committing burglary. Theft has not been alleged." The trial court then orally granted the

motion for directed verdict as to the charge of burglary. Upon further motion of defense counsel, to which the state declined to respond, a directed verdict of acquittal was also directed on the second count of the indictment, and the trial court discharged both defendants, stating that the state had "failed to make out a case."

The state appeals from the order granting appellees' directed verdict of acquittal and discharging them from custody, contending that such an appeal is available under OCGA § 5-7-1 because the order amounted to no more than a dismissal of the indictment. It concedes, however, that it may not appeal a directed verdict of acquittal where the trial court finds that the evidence was insufficient to support a conviction. See in this connection *State v. Williams*, 246 Ga. 788 (272 SE2d 725) (1980); *State v. Williams*, 172 Ga. App. 708 (1) (324 SE2d 557) (1984).

Looking to the substance of what the trial court did here, we disagree with the state that the order appealed from is not a directed verdict of acquittal on the merits. In the two *Williams* cases (which involved different defendants), the verdicts were directed because of defects in the indictments. However, it is clear from the transcript here that the grant of appellees' motion rested on the trial court's determination that the state did not establish the essential elements of burglary as defined by OCGA § 16-7-1, in that the evidence adduced at trial was insufficient to show the intent to commit the felony of arson and the indictment failed to allege the intent to commit a theft. Thus "a new trial would be barred by the double jeopardy clause of the Fifth Amendment. [Cits.] The government cannot appeal such a directed verdict of acquittal, even if it is erroneously granted. [Cit.]" *State v. Williams*, 246 Ga. 788, 789, supra; OCGA § 16-1-8 (b). Cf. *Holloman v. State*, 168 Ga. App. 683 (1) (310 SE2d 734) (1983). Since the trial court ruled that the state failed to prove its case as charged and tried, it cannot now appeal appellees' acquittal and subject them to a new trial on the merits.

*Appeal dismissed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 6, 1987 —
REHEARING DENIED APRIL 22, 1987 — 

*Robert E. Keller, District Attorney, Tracy L. Graham, Assistant District Attorney*, for appellant.

*Linda S. Cowen, Martin L. Cowen III*, for appellees.