A90A2319. THE STATE v. SEIGNIOUS.
(399 SE2d 559)

BEASLEY, Judge.

Seignious was charged with simple assault, OCGA § 16-5-20, and criminal trespass, OCGA § 16-7-21 (b) (2), stemming from an incident aboard a public school bus.

At the close of the State's evidence, the court denied defendant's motion for directed verdict on both counts. At the close of the defendant's evidence, the court volunteered that in its opinion, there was a fatal variance between the allegata and probata on the criminal trespass charge and that if the jury returned a verdict of guilty, the court would either "set that judgment aside" or "grant a motion for new trial instantly" if defendant requested one on that basis. The court was reluctant to direct a verdict on that charge because it perceived such action would influence the jury's deliberations concerning the assault charge. The jury acquitted defendant of simple assault and found him guilty of criminal trespass.

Immediately following return of the verdicts, the court stated that it was granting "a new trial" on the criminal trespass charge, impliedly on the ground stated earlier. The court apparently believed there was no evidence of criminal trespass as charged in the accusation, i.e., that defendant had knowingly entered the bus without authority after receiving prior to such entry, notice from the driver that entry was forbidden.

The court recorded its grant of a motion for new trial on the accusation for criminal trespass, recording above it that after hearing

evidence stipulated under oath in open court the day after the trial, the court adjudged defendant not guilty based on the allegata/probata disparity.[1]

The State contends that the court was without authority to "grant a new trial" prior to entry of judgment on the guilty verdict. The State is without standing to bring the present appeal.

This court must look to the substance of what the trial court did. See *State v. Bryant*, 182 Ga. App. 698, 699 (356 SE2d 656) (1987). The essence of the court's ruling was to find as a matter of law that there was no evidence that defendant had committed the trespass as alleged and thus, that a verdict of not guilty on the charge was demanded. Regardless of the "new trial" nomenclature used, the court in effect granted a directed verdict of acquittal. See OCGA § 17-9-1. "[W]hat does and does not constitute an acquittal on the merits is to be controlled by the substance of the judge's action and not the form." *State v. Williams*, 246 Ga. 788, 789 (1) (272 SE2d 725) (1980), paraphrasing *United States v. Martin Linen Supply Co.*, 430 U. S. 564 (97 SC 1349, 51 LE2d 642) (1977).

There is no prohibition on the court's reservation of final ruling on a motion for a directed verdict of acquittal and its rendering a decision after the jury returns a verdict and is dispersed. *Ballentine v. State*, 194 Ga. App. 560, 562 (4) (390 SE2d 887) (1990). As the statute provides, it "is effective without any assent of the jury."

Motion for new trial would have been premature as no judgment had been rendered on the jury's verdict. *Joiner v. Perkerson*, 160 Ga. App. 343 (287 SE2d 327) (1981); see OCGA §§ 5-5-40 (a) and (b); 5-5-41; 5-5-42 (d).

"A directed verdict of acquittal is not appealable by the [S]tate when the defendant has been put in jeopardy. [Cit.]" *State v. Smith*, 164 Ga. App. 598 (298 SE2d 583) (1982). The government cannot take such an appeal even if acquittal is erroneously granted. *State v. Williams*, supra at 788 (1). See OCGA § 5-7-1. Cf. *State v. Strickman*, 253 Ga. 287 (319 SE2d 864) (1984). "Since the trial court ruled that the [S]tate failed to prove its case as charged and tried, [the State] cannot now appeal [defendant's] acquittal and subject [him] to a new trial on the merits." *Bryant*, supra at 699; *State v. Clendinin*, 136 Ga. App. 303 (221 SE2d 71) (1975). Even if the order had been a proper

---

[1] In his brief, defendant/appellee asks to supplement the record, and asserts that the trial transcript does not reflect that the trial court's actions were induced or invited by the State. He claims the supplementation would reflect that following announcement of the guilty verdict on the criminal trespass and release of the jury, the State and the defendant agreed that the court would grant an oral motion for new trial and on a stipulation of the evidence presented at trial would as trier of the facts render a judgment of not guilty, thus avoiding a needless defendant's appeal. It is unnecessary to reach any question of induced or invited error in order to dispose of the appeal.

grant of new trial, it would not have been appealable by the State, as it is not encompassed in OCGA § 5-7-1.

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 28, 1990.

*Jeffrey S. Bagley, Solicitor pro tempore*, for appellant.
*Guy E. Davis, Jr.*, for appellee.

