lee.

## A91A1337. THE STATE v. MORRIS.
(414 SE2d 656)

POPE, Judge.

Appellee/defendant Howard T. Morris was indicted by a Floyd County Grand Jury for trafficking in cocaine and other violations of the Georgia Controlled Substances Act. The record reveals that defendant did not file any motions prior to trial. On the day of trial, during cross-examination of the arresting officer, the defendant attempted to solicit the name of the informant who gave the police information that led to the arrest of defendant. The officer refused to disclose the identity of the informant. The court dismissed the jury and convened a conference to discuss the matter. During that conference the court informed the State that because the informant had revealed his assistance in this case in two unrelated matters before the court, the case would be dismissed if the officer refused to disclose the informant's identity. The State refused to recall the witness to disclose the identity of the informant and asked that the court reconsider its ruling or alternatively grant a mistrial. The trial court refused both requests. When the State refused to recall the officer, the trial court dismissed this case. The State appeals from that ruling. The defendant filed a motion to dismiss contending that the State has no right to appeal because the defendant has been placed in jeopardy and this case is not appealable pursuant to OCGA § 5-7-1.

1. We will first consider the issue raised by defendant in his motion to dismiss. "Before the merits of the appeal may be considered, we must determine whether the State has the right to appeal from the trial court's order. OCGA § 5-7-1 delineates the instances in which the State may take an appeal in a criminal case: from an order, decision or judgment setting aside or dismissing an indictment or accusation; arresting judgment of conviction upon legal grounds; sustaining a plea or motion in bar when the defendant has not been put in jeopardy; or sustaining a motion to suppress made and ruled upon before a jury was impaneled." *State v. Williams*, 172 Ga. App. 708 (1) (324 SE2d 557) (1984). Whether the trial court's ruling constitutes a directed verdict of acquittal, such that a new trial would be barred by the Double Jeopardy Clause of the Fifth Amendment, or is a dismissal of the indictment is controlled by the substance of the trial judge's actions. Id.

We conclude that the trial court's ruling constitutes a dismissal of the indictment. The trial court did not base its ruling on the defendant's guilt or innocence, that is, the sufficiency of the evidence

against the defendant, but simply stated that it is unnecessary to protect the identity of an informant who had revealed his participation in defendant's arrest in two separate court proceedings. Furthermore, the trial court consistently referred to its action as a dismissal. Accordingly, the state may appeal the order dismissing the indictment, " 'even if the order [was] entered during the course of the trial. (Cit.)' *State v. Williams*, 246 Ga. 788 (1) (272 SE2d 725) (1980)." *Williams*, supra at 709 (1). See *United States v. Scott*, 437 U. S. 82, 100 (98 SC 2187, 57 LE2d 65) (1978), reh. denied, 439 U. S. 883 (99 SC 226, 58 LE2d 197) (1978) (holding that no interest protected by the Double Jeopardy Clause is invaded when a trial court grants the defendant's mid-trial motion to dismiss on a ground not related to guilt or innocence). The defendant's motion to dismiss is denied.

2. Turning to the merits of the State's appeal, we find that the trial court erred in dismissing the indictment against the defendant. The trial court seemingly based its ruling on a finding that the informant had waived the privilege of confidentiality, and that therefore the State could no longer invoke the privilege. "The informer's privilege is grounded in OCGA § 24-9-27 . . . which states that no official shall be called on to disclose any state matters of which the policy of the state and the interest of the community require concealment. The public policy underlying this privilege is to protect and encourage the flow of information to law enforcement officials." (Citation and punctuation omitted.) *Swint v. State*, 199 Ga. App. 515, 517 (405 SE2d 333) (1991). As this court noted in *State v. Mason*, 181 Ga. App. 806 (353 SE2d 915) (1987), the privilege may still be applicable even when the informer's identity has been discovered or disclosed. Id. at 809 (3). "In *Roviaro v. United States*, 353 U. S. 53, 59-60 (77 SC 623, 1 LE2d 639) [(1957)] the [C]ourt said: 'What is usually referred to as the informer's privilege is in reality the Government's privilege. . . . The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. . . .' " *Mason*, supra at 809. Thus, the trial court erred in holding that the informant had waived the privilege, since the privilege to withhold the identity of a confidential informant is held by the State and cannot be waived by the informant.

3. The record reveals that the trial court also erred by failing to follow the appropriate procedure before deciding whether the State should be allowed to invoke the privilege of confidentiality concerning the informant in this case. This court has held that a defendant must make a motion to reveal the identity of a confidential informant, and the trial court must conduct an in camera hearing at which the de-

fendant must show both the materiality and necessity of the witness' testimony to the defense before the trial court decides whether the identity of an informant must be revealed. *Swint v. State,* supra at 517; *Smith v. State,* 192 Ga. App. 144 (1) (384 SE2d 677) (1989); *Moore v. State,* 187 Ga. App. 387 (2) (370 SE2d 511) (1988); *Mason,* supra at 812 (4).

This case is remanded to the trial court for a new trial. If the defendant seeks to reveal the identity of the State's informant at trial, the trial court shall conduct an in camera hearing in a manner consistent with this opinion and other decisions of this court before deciding that matter.

*Judgment reversed and case remanded. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 5, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — 

*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney,* for appellant.
*Kenneth C. Fuller,* for appellee.