## S92G0461. MORRIS v. THE STATE.
#### (422 SE2d 524)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *State v. Morris*, 202 Ga. App. 344 (414 SE2d 656) (1991) to determine the propriety of the Court of Appeals' denial of the defendant's motion to dismiss the state's appeal. Morris argues that the state's appeal under OCGA § 5-7-1[1] is barred by the state and federal constitutional prohibitions against double jeopardy. See U. S. Const., Amend. V; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. We agree and reverse.

---

[1] OCGA § 5-7-1 sets forth the limited instances in which the state may appeal a criminal case:
  (1) From an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof;
  (2) From an order, decision, or judgment arresting judgment of conviction upon legal grounds;
  (3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy; or
  (4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury.

Morris was indicted for trafficking in cocaine and other violations of the Georgia Controlled Substances Act. During his trial, on cross-examination of the arresting officer, Morris sought the name of the informant who gave the police information leading to his arrest. When the officer refused to disclose the informant's identity, the court, outside the jury's presence, heard the parties' arguments regarding the state's assertion of privilege against disclosure. See OCGA § 24-9-27. The trial court found that because the informant had previously revealed his assistance and identity in two unrelated matters, any privilege against disclosure had been waived. When the state insisted on its privilege, and refused to recall the officer, the trial court dismissed the case.

Morris moved to dismiss the state's appeal of the ruling that the privilege was waived. The Court of Appeals denied the motion, 202 Ga. App. at 344 (1), and held that the trial court erred in finding the state could not invoke the privilege of confidentiality. 202 Ga. App. at 345.[2] Our review on certiorari is limited to the merits of the defendant's motion to dismiss the state's appeal on grounds of double jeopardy.

There is no question jeopardy had attached before the trial court's dismissal of the case. See, e.g., *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 434) (1977). Once Morris' jury was impaneled and sworn, jeopardy attached, and he was entitled to be acquitted or convicted by that jury. *Jones v. State*, 232 Ga. 324, 326 (206 SE2d 481) (1974).[3] If retrial would be barred because of double jeopardy, then the state's appeal should be dismissed. Necessarily, however, not all terminations bar retrial or appeal. For example, if the court dismisses the indictment, the state may appeal and a retrial is not necessarily barred. OCGA § 5-7-1 (1). Similarly, if a mistrial is granted under certain circumstances,[4] the state may retry the defendant.

The Court of Appeals agreed with the state that the trial court's action constituted a dismissal of the indictment and the state was entitled to an appeal under OCGA § 5-7-1 (1). Whether the interruption of Morris' trial resulted from a dismissal of the indictment depends

---

[2] The Court of Appeals further held that the trial court erred by failing to follow the appropriate procedure before deciding whether the state should be allowed to invoke the privilege of confidentiality concerning the informant. 202 Ga. App. at 345 (3).

[3] This right protects against successive prosecutions for the same offense, which is sometimes referred to as the procedural aspect of the double jeopardy rule, the purpose of which is to prevent harassment against the accused. Another aspect of double jeopardy, not applicable here, the substantive aspect, serves to prevent multiple and excessive punishments by preventing multiple convictions arising out of one criminal transaction. See generally *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846) (1976).

[4] The state may appeal from the trial court's declaration of mistrial only where the mistrial is declared because of "manifest necessity," or because, otherwise, the ends of justice would be defeated. *Jones v. State*, supra at 327.

not upon the terminology used by the court, but upon the substance of the trial court's action. See *State v. Williams*, 246 Ga. 788, 789 (1) (272 SE2d 725) (1980). Here there was no defect in the indictment, nor was one alleged. Compare *State v. Williams*, supra. There was no legal basis to dismiss the indictment nor can the trial court's termination in this case be characterized as the declaring of a mistrial for "manifest necessity," or to preserve the ends of justice. Compare *Jones v. State*, supra, 232 Ga. at 327. The termination was thus improper and further prosecution is prohibited under OCGA § 16-1-8 (a) (2) which provides:

> A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution:

> (2) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts or a plea of guilty was accepted by the court.

*Paquin v. Town of Tyrone*, 261 Ga. 418 (405 SE2d 497) (1991).[5] The state's appeal, then, should have been dismissed.

*Judgment reversed. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 8, 1992.

*Kenneth C. Fuller*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.

---

[5] We find no merit to the state's argument that its appeal is not barred because the defendant, in effect, caused the termination of the trial by his failure to raise the issue of the informant's identity prior to trial, since there is no requirement that he do so. Nor is it significant, in this case, that the trial was terminated through no misconduct or fault of the state. It was, nevertheless, improperly terminated, and deprived the defendant of his right to a conviction or acquittal by his impaneled jury.