## A06A1914. THE STATE v. SWINT.
(643 SE2d 840)

BARNES, Chief Judge.

Daniel Swint was charged by accusation with family violence battery and cruelty to children in the second degree. During his bench trial, the trial court directed a verdict of acquittal of the charges against Swint after evidence was presented during the testimony of the first witness that the date on the accusation was incorrect and the prosecutor stated that he could not prove "anything happened" on the date alleged. The State appeals and argues that the trial court erred because the accusation did not allege that the date was material. We agree and reverse.

1. As an initial matter, we first must address whether the State may appeal the grant of the directed verdict in this case. Under OCGA § 5-7-1 (a), the State may take an appeal in a criminal case under certain instances including from an order, decision or judgment setting aside or dismissing an indictment or accusation; arresting judgment of conviction upon legal grounds; sustaining a plea or motion in bar when the defendant has not been put in jeopardy; or sustaining a motion to suppress made and ruled upon before a jury was impaneled. However,

> the government may not appeal a trial court's grant to a criminal defendant of a directed verdict of acquittal based on an insufficiency of the evidence to support a conviction, in that a new trial would be barred by the double jeopardy clause of the Fifth Amendment. The government cannot appeal such a directed verdict of acquittal, even if it is erroneously granted. . . . [But, when t]he ruling of the trial court is in substance a dismissal of the indictment, . . . the [S]tate may appeal an order dismissing an indictment under [OCGA § 5-7-1 (a) (1)], even if the order is entered during the course of the trial.

(Citations omitted.) *State v. Williams,* 246 Ga. 788, 788-789 (1) (272 SE2d 725) (1980). In *Williams,* the jury returned a guilty verdict but the trial court directed a verdict in favor of the defendant on the ground that the statute of limitation had run. Our Supreme Court

held that the order appealed was not a directed verdict of acquittal on the merits, but a dismissal of the indictment, and thus the order was appealable. Id. Similarly, here, the trial court in substance dismissed the accusation rather than directed a verdict of acquittal on the merits of the case, and, thus, the State is not barred from bringing this appeal.

2. Both counts of the accusation against Swint charged that the incidents in question happened on "the 5th day of May, 2003." During trial, the victim was asked if she remembered where she was on May 5, 2003 and she responded, "Not really." She was then asked if she remembered an incident involving Swint, and she answered "yes." The trial court asked, "What was the date? June 1, 2003." The State responded that the date was May 5, 2003, but then apologized and said that the correct date should be June 1, 2003. The trial court asked if the State could prove that anything happened on May 5, and the State replied that it could not. Swint then moved for a directed verdict, and the trial court granted it, determining that "I don't know how much leeway we give when it's not an on or about [a date in the accusation]."

The State argues that the trial court erred in directing a verdict of acquittal based on the incorrect date because it did not allege in the accusation that the date was material. We agree.

> In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations. Where, however, the indictment specifically alleges the date of the offense is material, the accused may be convicted only if the State's proof corresponds to the date alleged.

(Citations and punctuation omitted.) *Ledesma v. State*, 251 Ga. 885 (1) (a) (311 SE2d 427) (1984). Because the accusation did not allege that the date was material, the State may offer any evidence relevant to the crimes during the statutory period of limitations. Id. Thus, the State did not have to show that the crimes occurred on May 5, 2003.

*Judgment reversed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 20, 2007.

*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney,* for appellant.
*Albert H. Dallas,* for appellee.