A08A0249. HOLMES v. THE STATE.

(661 SE2d 603)

JOHNSON, Presiding Judge.

A jury found Lloyd Holmes guilty of battery and aggravated stalking. Holmes appeals, alleging the evidence was insufficient to support the jury's verdict and the trial court erred in denying his motion for a directed verdict on the aggravated stalking charge because of a variance in the date listed on the indictment and the date proven at trial. We find no error and affirm Holmes' convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that Holmes admitted to an officer that he punched his wife in the face on January 5, 2006. The punch caused a broken nose and two black eyes. Holmes' wife and 11-year-old daughter both testified that Holmes struck his wife in the face. Holmes' 19-year-old daughter testified that she walked into the kitchen, saw her mother covered in blood, and saw her younger sister trying to attack Holmes. An officer testified about the wife's injuries, photographs of the injuries were admitted into evidence, and a doctor testified that he performed surgery to fix the wife's broken nose. The evidence was sufficient to authorize a rational trier of fact to find Holmes guilty beyond a reasonable doubt of battery for intentionally causing his wife visible bodily harm.[4]

On January 9, 2006, Holmes' wife obtained a domestic violence protective order against Holmes. The order prohibited any contact between Holmes and his wife or her family. Holmes was served notice of this protective order. Also on January 9, 2006, Holmes was arraigned on the assault charge and ordered not to have any contact with his wife or her family. On February 7, 2006, Holmes was also served notice of a 12-month protective order stating that he have no contact with his wife or her family.

The record shows that Holmes violated the protective orders and the trial court's no contact order by making numerous phone calls to his wife, sending e-mails and leaving mail at his mother-in-law's house. The e-mails were sent on January 14, 2006 and contained phrases such as "all is fair in love and war" and "tearing soul mates apart to the point of no return." In addition to the e-mails, Holmes made numerous phone calls to his wife on January 13, 2006 and January 14, 2006. He left a number of angry phone messages. Evidence also showed that Holmes followed his wife and her family in his car. The communication and Holmes' disregard for the court's

---

[1] *Eberhart v. State*, 241 Ga. App. 164 (526 SE2d 361) (1999).

[2] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[3] *Phillips v. State*, 278 Ga. App. 198 (1) (628 SE2d 631) (2006).

[4] OCGA § 16-5-23.1 (a); see *Eberhart*, supra at 165-166 (1); *Tucker v. State*, 225 Ga. App. 757, 758 (1) (484 SE2d 793) (1997).

orders greatly upset his wife. Holmes' wife feared for her safety and lived at a hotel until she could get into a safe shelter for battered women.

In addition to the communication sent directly by Holmes, Holmes also admitted to indirectly sending letters to his wife while he was incarcerated in the Chatham County Detention Center. The letters were addressed to his three-year-old daughter and sent from an inmate unknown to the wife but who was housed with Holmes. Holmes further admitted receiving notice prohibiting contact with his wife or her family and testified that he knew it would be a violation of the court order to have any contact with his wife.

OCGA § 16-5-90 (a) (1) provides that a person commits the offense of stalking when he follows, places under surveillance, or contacts another person without the consent of the other person for the purpose of harassing and intimidating the other person. A person commits the offense of aggravated stalking when he does the above-described behavior in violation of a protective order or restraining order.[5] Overt threats of bodily harm are not required.[6]

Here, two protective orders and a trial court's no contact order required Holmes to refrain from contacting his wife or her family. Notwithstanding these court orders, Holmes continued to communicate with his wife, causing his wife to fear for her safety. Although Holmes contends he was not guilty of aggravated stalking because his intent was to rekindle his failed marriage, not to intimidate and harass, intent is a question of fact to be determined by the jury upon consideration of Holmes' words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted.[7] The evidence was sufficient for a rational trier of fact to find Holmes guilty beyond a reasonable doubt of aggravated stalking.[8]

2. Holmes contends the trial court should have granted his motion for a directed verdict on the aggravated stalking charge because of a fatal variance between the date alleged in the indictment and the proof at trial. The indictment alleges that the aggravated stalking occurred "on or about January 5, 2006, in violation of a Family Violence Protective Order." However, the record shows that the family violence protective order was not issued until January 9,

---

[5]  OCGA § 16-5-91 (a).

[6]  See *Phillips*, supra at 199.

[7]  See id. at 200-201.

[8]  See *Jones v. State*, 239 Ga. App. 733, 734-735 (2) (521 SE2d 883) (1999).

2006. The state offered evidence of a series of events which occurred after January 9, 2006 in furtherance of the aggravated stalking charge.

Contrary to Holmes' argument, the discrepancy in dates is not a fatal variance. The true inquiry regarding a fatal variance claim is whether there has been such a variance as to affect the substantial rights of the accused.[9] The variance is only fatal if the allegations fail to meet these two tests: (1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not be taken by surprise, and (2) the allegations must be adequate to protect the accused against another prosecution for the same offense.[10] The allegations in the present case meet these two tests.

Here, the indictment clearly put Holmes on notice that the alleged act of aggravated stalking was a violation of the family violence protective order, and the evidence shows that Holmes had been served with a copy of that order. Thus, there is no basis whatsoever to believe that Holmes was somehow misled or surprised as to the incident referred to in the indictment, that his ability to prepare for trial had been impeded, or that he could be tried again for the same offense.[11]

Moreover, the state is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove the time of the commission of an offense on any date within the statute of limitation.[12] The only time the state's proof must correspond to the date alleged in the indictment is where the indictment specifically alleges that the date of the offense is material.[13] Because January 5, 2006 was not alleged in the indictment to be a material date, and since Holmes' actions proven by the state fell within the statute of limitation, there is no error.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 16, 2008.

*Martin G. Hilliard*, for appellant.

---

[9] See *Burnette v. State*, 241 Ga. App. 682, 685 (2) (527 SE2d 276) (1999).

[10] Id.

[11] See *Fields v. State*, 281 Ga. App. 733, 734-735 (1) (a) (637 SE2d 136) (2006), overturned on other grounds, *Schofield v. Holsey*, 281 Ga. 809 (642 SE2d 56) (2007).

[12] *State v. Swint*, 284 Ga. App. 343, 344 (2) (643 SE2d 840) (2007).

[13] Id.

*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.