A09A2404. KREPPS v. THE STATE.

(687 SE2d 608)

JOHNSON, Presiding Judge.

Following a bench trial, Stephen Krepps was convicted of stalking and sentenced as a recidivist stalker, pursuant to OCGA § 16-5-90 (c), to a term of ten years to be served on probation. Krepps appeals, claiming that the evidence was insufficient to support his conviction and that sentencing him pursuant to OCGA § 16-5-90 (c) was improper. We find no error and affirm.

1. On appeal from a bench trial, we view the evidence in favor of the trial court's findings, giving due regard to its ability to judge witness credibility.[1] We no longer presume the defendant is innocent, but only determine if the evidence is sufficient to sustain his conviction.[2]

So viewed, the evidence shows that Krepps was convicted in 2002 of making harassing phone calls to William Rowley, and he was sentenced to 12 months to be served on probation. In 2003, Krepps was convicted of aggravated stalking after he violated his probation by repeatedly telephoning Rowley, generally between 11:00 p.m. and

[1] *Stadnisky v. State*, 285 Ga. App. 33, 34 (1) (645 SE2d 545) (2007).
[2] *Campbell v. State*, 278 Ga. 839, 840-841 (1) (607 SE2d 565) (2005).

4:00 a.m., without Rowley's consent and for the purpose of harassing and intimidating him. The day after Krepps completed his probationary sentence for aggravated stalking, he resumed making phone calls to Rowley. Rowley testified that when he answered the phone calls, he generally heard only music, and when he called the number from which the calls were being placed, Krepps answered and told him that he called him because he wanted to be his friend.

Krepps claims that the evidence was insufficient to convict him of stalking because he did not place Rowley in reasonable fear for his safety or the safety of an immediate family member, as required by OCGA § 16-5-90 (a) (1). However, while Rowley acknowledged that Krepps never directly threatened him, he testified that the phone calls caused him "[q]uite a bit of concern" about his safety and the safety of his family because he did not know if the phone calls would lead to "accelerated or higher level" conduct against him. For example, Rowley testified that shortly after an incident in which he told Krepps to stop calling him, he found 38 roofing nails at the end of his driveway, and he expressed concern that he did not know if Krepps would burn down his house or car or take other actions against him.

A defendant need not engage in unequivocally hostile conduct or make explicit threats in order to be convicted of stalking. Even behavior that is not overtly threatening can provide the requisite degree of intimidation and harassment if it is ongoing, repetitious, and engaged in despite the communicated wishes of the victim.[3] Notwithstanding a defendant's claims of innocent motives, it is for the finder of fact to determine whether the defendant acted with the requisite degree of criminal intent in engaging in the act for which he is prosecuted.[4] We therefore find that the evidence was sufficient to sustain Krepps' conviction for stalking.

2. Krepps also claims that he was improperly sentenced as a recidivist stalker. OCGA § 16-5-90 (c) provides that "[u]pon the second conviction, and all subsequent convictions, for stalking, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than one year nor more than ten years." Krepps asserts that he could not be sentenced pursuant to OCGA § 16-5-90 (c) because his prior conviction was for *aggravated* stalking, not "stalking." Krepps makes this claim based upon his theory that aggravated stalking, unlike stalking, does not require a showing that the defendant engaged in a pattern of harassing behavior.

---

[3] See generally *Hennessey v. State*, 282 Ga. App. 857, 860 (640 SE2d 362) (2006).
[4] *Holmes v. State*, 291 Ga. App. 196, 198 (1) (661 SE2d 603) (2008).

Krepps' theory, however, is misguided. First, stalking is a lesser included offense of aggravated stalking, given that a person commits the crime of aggravated stalking pursuant to OCGA § 16-5-91 (a) when he or she stalks another person while under a court order not to do so.[5] In addition, we have specifically held that the state must "prove a pattern or a course of conduct as part of establishing the harassing and intimidating element of aggravated stalking" just as it must do for stalking.[6] While we acknowledge that the language of OCGA § 16-5-90 (c) does not explicitly mention "aggravated stalking" in addition to "stalking," it would be an absurd and contradictory result for this Court to hold that a prior misdemeanor stalking conviction could trigger the applicability of recidivist stalker sentencing pursuant to OCGA § 16-5-90 (c) while an aggravated stalking conviction could not.[7]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 24, 2009.

*Hawkins & Parnell, Bryan M. Grantham*, for appellant.
*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[5] *State v. Carlisle*, 280 Ga. 770 (631 SE2d 347) (2006).

[6] *Burke v. State*, 297 Ga. App. 38, 41 (676 SE2d 766) (2009).

[7] See generally *State v. Mack*, 231 Ga. App. 499, 500 (499 SE2d 355) (1998).