# Court of Appeals
# of the State of Georgia

ATLANTA,  February 08, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1065.  THE STATE v. PAUL DOUGLAS WINDHAM.**

The State charged Paul Douglas Windham with giving a false report of a crime, in violation of OCGA § 16-10-26.  After the State rested at trial, Windham moved for a directed verdict of acquittal.  He argued that OCGA § 16-10-26 requires a false statement to a law enforcement officer or law enforcement agency, and the State only presented evidence of a false statement to the Division of Family and Children Services.  The trial court agreed and entered a directed verdict of not guilty.  The State then filed this direct appeal.  We, however, lack jurisdiction.

"In OCGA § 5-7-1 (a), the General Assembly [] set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it."  *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007) (punctuation omitted).  Nothing in this Code section permits an appeal from a directed verdict of acquittal, and we have specifically held that the State lacks authority to challenge such a ruling.  See *State v. Seignious*, 197 Ga. App. 766, 767 (399 SE2d 559) (1990); *State v. Bryant*, 182 Ga. App. 698, 699 (356 SE2d 656) (1987).  The State "cannot take such an appeal even if acquittal is erroneously granted."  *Seignious*, 197 Ga. App. at 767.

Nor is the ruling of the trial court a dismissal of the indictment, which the State may appeal under OCGA § 5-7-1 (a) (1).  The Supreme Court has held that if the trial court's order is, in substance, an order dismissing the indictment, then the State may appeal the trial court's order, even if the order is entered during the course of trial.  See *State v. Williams*, 172 Ga. App. 708, 708-709 (1) (324 SE2d 557) (1984) (trial court entered directed verdict because statute of limitations had run); see also *State*

*v. Swint*, 284 Ga. App. 343, 343 (643 SE2d 840) (2007) (trial court entered directed verdict because the offense did not occur on the date specified in the indictment). Here, however, the trial court granted Windham's motion for a directed verdict because the State failed to prove an essential element of OCGA § 16-10-26. See *Bryant*, 182 Ga. App. at 698-699 (holding that the State may not appeal a directed verdict when the State fails to prove an essential element of the offense).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__02/08/2019_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*