# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0945. THE STATE v. CARRIE JILL PEPPERS.**

A jury convicted Carrie Jill Peppers of second-degree murder, second-degree cruelty to children, and involuntary manslaughter.[1] Peppers filed a motion for a new trial, which the trial court granted, concluding that there was insufficient evidence to support the jury's verdict.
The State appealed, and in *State v. Peppers*, 369 Ga. App. 189 (892 SE2d 816) (2023), this Court vacated the court's grant of a new trial. In remanding the case for further proceedings, this Court stated that "it is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal." Id. at 192, fn. 8. (Citations and punctuation omitted). Nevertheless, this Court did not decide whether a directed verdict of acquittal was demanded, and explicitly left that determination to the trial court upon remand. On remand, the court vacated Peppers' judgments of conviction and entered judgments of acquittal and again the State appeals. We, however, lack jurisdiction.

"In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007) (citation and punctuation omitted). Nothing in OCGA § 5-7-1 (a) permits an appeal from a directed verdict of

---

[1] The jury also convicted Peppers of possession of methamphetamine, but that conviction is not at issue in this appeal.

acquittal, and this Court has held that the State lacks authority to challenge such a ruling. See *State v. Seignious*, 197 Ga. App. 766, 767 (399 SE2d 559) (1990); *State v. Bryant*, 182 Ga. App. 698, 699 (356 SE2d 656) (1987). In fact, the State "cannot take such an appeal even if acquittal is erroneously granted." *Seignious*, 197 Ga. App. at 767.

In its notice of appeal, the State claims that the court's order was void because Georgia law does not allow for a judgment of acquittal notwithstanding the verdict; citing OCGA § 5-5-40 (h), it also asserts that the court lacked jurisdiction because its "motion for new trial" was filed more than 30 days after remittitur. Thus, the State claims that its appeal is authorized by OCGA § 5-7-1 (a) (6), which allows an appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this State. …" Contrary to the State's contentions, Georgia law authorizes a court to enter a judgment of acquittal. See OCGA § 17-9-1 (a), (b). Moreover, the State's unsupported claim that the trial court lacked jurisdiction because it did not comply with OCGA § 5-5-40 (h) is misplaced for several reasons, including that the order did not grant a new trial and this Court previously determined that the trial court's grant of a motion for new trial was improper. See also OCGA § 5-5-49. In sum, there is no basis on which to conclude that the court's order was void or that it lacked jurisdiction, and OCGA § 5-7-1 (a) (6) does not authorize this appeal.

The trial court's order was based on the insufficiency of the evidence, and the State was not permitted to appeal. See *Bryant*, 182 Ga. App. at 698-699 (holding that the State may not appeal a directed verdict when the State fails to prove an essential element of the offense).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 03/06/2024

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*