## 19146. GRIFFIN *et al.* v. HARDWARE MUTUAL INSURANCE CO.

SUBMITTED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956.

*Colquitt H. Odom,* for plaintiffs in error.

*Peacock, Perry, Kelley & Walters,* contra.

DUCKWORTH, Chief Justice. While in *Mensinger* v. *Standard Acc. Ins. Co.,* 202 *Ga.* 258 (42 S. E. 2d 628), the status of the parties and the relief sought was, in all substantial respects, identical with the facts here in so far as any equitable features are concerned, yet no specific ruling was there invoked, and it is only by presumption that it could be said we there ruled that we had jurisdiction of the writ of error. In such circumstances, that case, while being a physical precedent, is nevertheless no controlling authority to the effect that this court has jurisdiction of similar writs of error as in the instant case. *Albany Federal Savings &c. Assn.* v. *Henderson,* 198 *Ga.* 116, 134 (31 S. E. 2d 20); United States *v.* Mitchell, 271 U. S. 9 (46 Sup. Ct. 418, 70 L. ed. 799); Schram *v.* Robertson, 111 Fed. 2d 722.

The declaratory-judgments act (Ga. L. 1945, p. 137) was new to this court and our decisions were somewhat conflicting and

132

seldom by the concurrence of all Justices. This was in large part due to a reluctance of this court to allow all cases under that statute to be brought within the jurisdiction of the Supreme Court by merely praying, as the act so provides, for an injunctive stay and maintenance of the status quo, pending a declaration of rights thereunder. Consequently, this court squarely and seriously faced and considered the jurisdictional question in *Milwaukee Mechanics Ins. Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d 876); *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d 658); *Georgia Cas. &c. Co.* v. *Turner,* 208 *Ga.* 782 (60 S. E. 2d 771). The substance of those rulings is that a case otherwise outside the jurisdiction of the Supreme Court can not be brought within that jurisdiction by a prayer for or the grant of a restraining order to maintain the status quo until the rights are declared. In *Milwaukee Mechanics Ins. Co.* v. *Davis,* supra, it was contended that, since the only relief sought against the plaintiffs in the law case was that they be enjoined from prosecuting it until the rights were declared, it was as to them equity and within the jurisdiction of the Supreme Court, but this court rejected that contention. Similar facts in the instant case are controlled by that decision. Therefore this writ of error must be transferred to the Court of Appeals where it was originally sent.

*Transferred to the Court of Appeals. All the Justices concur.*