72762. THE STATE v. GOSCH.
(347 SE2d 353)

BANKE, Chief Judge.

The defendant in this case was charged with driving under the influence of alcohol, driving a vehicle without a valid license tag, and "failure to maintain lane."

After the trial judge had completed a list of preliminary instructions to the jurors who had been impaneled to try the case, but before the attorneys had made their opening statements or any evidence had been presented, the defendant moved to exclude any testimony regarding the results of an intoximeter test which had been administered to him at the time of his arrest, contending that the state's failure to provide him with a copy of the intoximeter machine printout memorializing the test results barred proof of those results by any other means. The trial court in effect granted this motion, following which the state's attorney expressed the desire that "we not proceed with the case and take this issue up." The trial court agreed to this request, despite defense counsel's assertion that jeopardy had already attached.

The state subsequently applied unsuccessfully to this court for permission to bring an interlocutory appeal from the trial court's ruling excluding the intoximeter test results. Before us now is a direct appeal by the state from that ruling. *Held*:

"An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases in the following instances:

"(1) From an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof.

"(2) From an order, decision, or judgment arresting judgment of conviction upon legal grounds.

"(3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy.

"(4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury." OCGA § 5-7-1.

Clearly, the state had no right of direct appeal in this case pursuant to any of these provisions. Consequently, the appeal must be dismissed for lack of jurisdiction.

*Appeal dismissed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1986.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Jane J. Lieb, Assistant Solicitors*, for appellant.

*Jack J. Menendez*, for appellee.