A90A2068. THE STATE v. McKENNA.
(404 SE2d 278)

CARLEY, Judge.

After appellee was charged with driving under the influence, he filed a pre-trial motion to exclude from evidence both a printout showing the results of his Intoximeter test and any testimony with regard thereto. The trial court granted appellee's motion, based upon its determination that the printout had been materially altered. The order was certified for immediate review and the State appeals from

the trial court's evidentiary ruling pursuant to this court's grant of its application for interlocutory appeal.

Although this court granted the State's application for an interlocutory appeal and appellee has not filed a motion to dismiss, "we are required to examine the record to make certain we possess jurisdiction. [Cits.]; Rule 32 (d) of our court ([cit.]) requires that whenever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed whenever and however its lack of jurisdiction may appear. [Cit.]" *Flowers v. State,* 155 Ga. App. 256, 257 (270 SE2d 695) (1980).

The authority of the State to appeal an adverse ruling in a criminal case is controlled by statute. "An appeal may be taken by and on behalf of the State of Georgia . . . in criminal cases in the following instances: . . . From an order, decision, or judgment sustaining a motion to suppress evidence *illegally seized* in the case of motions made and ruled upon prior to the impaneling of a jury." (Emphasis supplied.) OCGA § 5-7-1 (4). This statute is not so limited in scope as to authorize the State to appeal only from the grant of a pre-trial motion to suppress under OCGA § 17-5-30. If the defendant in a criminal case files any pre-trial motion to exclude evidence on the ground that it was *obtained in violation of law,* the grant of such a motion may be appealed by the State. *State v. Brown,* 185 Ga. App. 701 (365 SE2d 865) (1988). See also *State v. Strickman,* 253 Ga. 287, 288 (319 SE2d 864) (1984) (involving the grant of a pre-trial motion in limine, "excluding evidence of the results of a breath test claimed to have been made in violation of OCGA § 40-6-392 and the regulations of the Department of Public Safety").

In the instant case, however, appellee's pre-trial motion did *not* seek the exclusion of any evidence on the ground that it had been *obtained in violation of law.* The exclusion of the test results was based upon the trial court's finding of a material alteration thereof. Accordingly, OCGA § 5-7-1 (4) is not authority for the State to bring this appeal. *State v. Brown,* supra at 702. See also *State v. Thomas,* 176 Ga. App. 106 (335 SE2d 697) (1985); *State v. Gosch,* 179 Ga. App. 613 (347 SE2d 353) (1986). Since the order from which this appeal has been taken is not one which is enumerated in OCGA § 5-7-1, the State's compliance with the requirements for securing an interlocutory appeal would not serve to confer the requisite jurisdiction upon this court. *State v. Hollomon,* 132 Ga. App. 304 (208 SE2d 167) (1974). We had no initial jurisdiction to grant the State's application for an interlocutory appeal from the trial court's evidentiary ruling and it follows that the instant appeal must be dismissed.

*Appeal dismissed. Sognier, C. J., and McMurray, P. J., concur.*

Decided February 4, 1991 —
Rehearing dismissed March 19, 1991.

*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, Assistant Solicitor,* for appellant.
*Harrison & Harrison, G. Hughel Harrison,* for appellee.