A92A0087. THE STATE v. LAND-O-SUN DAIRIES, INC. et al.
(419 SE2d 743)

COOPER, Judge.

This appeal originates from a criminal indictment obtained by the State against two dairies and an individual employee of each dairy. The indictment charged the defendants with conspiracy in restraint of trade in the sale of milk to certain public school districts and detailed specific acts of bid rigging involving the defendants in the sale of milk to the school boards. On the day the trial of the case was scheduled to begin, the trial court heard argument on the defendants' motion in limine to exclude the testimony of two of the State's witnesses. The witnesses were two former employees of one of the defendant dairies whose testimony allegedly would implicate themselves, and therefore implicate their employer, on the conspiracy charge. The basis for the motion in limine was that the State had previously dismissed the two witnesses with prejudice as defendants

in a federal civil antitrust action predicated on the same facts; that the dismissal acted as an adjudication on the merits that the witnesses did not commit the acts alleged in the federal action; that the acts alleged against the witnesses in the federal action were the same acts alleged in the state criminal action as a basis of criminal liability against the dairies; and that the State's voluntary dismissal of the witnesses with prejudice from the federal action operates as a bar, under res judicata and collateral estoppel, to the introduction of any evidence which could implicate the two witnesses in the illegal conspiracy. The trial court granted the defendants' motion in limine and excluded any evidence which may implicate the two witnesses in the conspiracy. The court ruled that such evidence could not be introduced against any of the state criminal defendants. After the trial court granted the motion in limine, the State indicated that it was unable to present its case without the excluded evidence and requested the court to treat the motion as a motion to quash the indictment so that it could appeal the order. Over the objection of the defendants, the court ruled that it would consider the motion as both a motion in limine and a motion to quash and then granted the motion to quash. The State then appealed the trial court's order to this court, yet dismissed its appeal as to all defendants except Land-O-Sun Dairies, Inc. ("appellee").

We first entertain appellee's motion to dismiss the appeal. For the reasons hereinafter stated, we agree with appellee that the State has no authority to bring this appeal; that we have no jurisdiction over this appeal; and that this appeal must be dismissed. The State's right of appeal in a criminal case is regulated by OCGA § 5-7-1. In its brief, the State argues that it has the right to appeal the trial court's order pursuant to OCGA § 5-7-1 (3), which allows the State to appeal from an order sustaining a plea in bar if jeopardy has not attached. The State contends that appellee's motion in limine was in substance a plea in bar, since it effectively prevented the prosecution of their case. We disagree. " '(A) plea in bar is one "which goes to *bar* the . . . state's action; that is, to defeat it absolutely and entirely." ' [Cit.]" *Parrish v. State*, 160 Ga. App. 601, 607 (7) (287 SE2d 603) (1981). The suppression of evidence does not bar a criminal prosecution. *State v. Brown*, 198 Ga. App. 239, 241 (401 SE2d 295) (1990). Notwithstanding the fact that the exclusion of the evidence in the instant case eliminated the State's key evidence, the prosecution itself was not barred thereby. See Id.; *State v. McIntyre*, 191 Ga. App. 565, 566 (382 SE2d 669) (1989). This court has heretofore declined to find appellate jurisdiction when the State appealed an order granting a defendant's motion in limine on general evidentiary grounds. See *State v. Brown*, 185 Ga. App. 701, 702 (365 SE2d 865) (1988); *State v. Thomas*, 176 Ga. App. 106 (335 SE2d 697) (1985). If the trial court's

ruling in this case were directly appealable by the State under OCGA § 5-7-1 (3), any adverse pre-trial evidentiary ruling which excluded key evidence in a criminal case would be subject to direct appeal by the State. See *Brown,* 185 Ga. App. at 702. The cases cited by the State in support of its position, *Parrish,* supra and *State v. Williams,* 246 Ga. 788 (272 SE2d 725) (1980), are distinguishable and are not controlling. In *Parrish,* the trial court's ruling absolutely precluded the State from establishing the defendant's recidivism and therefore was a bar to that action. In *Williams,* the court examined the substance of a directed verdict of acquittal to determine if it was based on the merits. *Williams* does not give this court authority to re-characterize the grant of a general evidentiary motion as a plea in bar of prosecution. Further, at the hearing on the motion in limine, appellee never requested that the prosecution be barred, in fact, appellee stated that it was ready to proceed with the trial. We conclude that the motion in limine was not a plea in bar as argued by the State and this appeal is not authorized under OCGA § 5-7-1 (3). We also note that the State is allowed to appeal an order dismissing an indictment under OCGA § 5-7-1 (1). However, there is also no jurisdictional basis for this appeal under this section because the order became one quashing the indictment only at the State's request. The State cannot circumvent the statute and create avenues for appeal by requesting a trial court to convert an adverse evidentiary ruling into a motion to quash the indictment and then appeal the adverse ruling that it requested. Construing OCGA § 5-7-1 strictly against the State, as we are bound to do, see *McIntyre,* supra, we determine that the instant appeal does not fall within any of the categories set forth in the statute, and therefore this appeal must be dismissed. "In so holding, we express neither approval nor disapproval of the trial court's ruling. Our holding is that, under existing statutory authority, we have jurisdiction neither to affirm the ruling if correct nor to reverse it if erroneous." *Brown,* 185 Ga. App. at 702.

*Appeal dismissed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 8, 1992.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, W. Glenn Thomas, Jr., District Attorney,* for appellant.

*Bondurant, Mixson & Elmore, Emmett J. Bondurant, George W. Fryhofer III, Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel, Stroup & Coleman, Gary Flack, Alston & Bird, David P. Cohen,* for appellees.