### A94A1114. THE STATE v. LAVELL.
(448 SE2d 270)

JOHNSON, Judge.

Colleen Lavell was accused of driving under the influence of alcohol, possession of an altered driver's license, possession by consumption of alcohol by a minor, and operating an automobile with improper equipment. Lavell filed a motion to suppress claiming the state lacked probable cause to stop her car. During the hearing on Lavell's motion, the state called several witnesses who testified as to the events following the arrest, but was unable to present any witnesses to the actual stop of Lavell's car because the arresting officer died prior to the hearing. The state also offered the deceased officer's arrest report, but the trial court ruled it inadmissible. The court granted Lavell's motion to suppress based upon the inadmissibility of the police report and the state's resulting failure to carry its burden of establishing probable cause for the stop.

Pretermitting the issue of whether the motion to suppress was properly granted is whether this court has jurisdiction. Lavell contends we lack jurisdiction because the state is not authorized to appeal the grant of a motion to suppress where, as here, the trial court's ruling is based upon general evidentiary rules. We agree. OCGA § 5-7-1 (a) (4) authorizes the state to directly appeal the grant of a motion to suppress whenever the trial court's exclusion of evidence is based upon its determination that the state unlawfully obtained the evidence. *State v. Frye*, 205 Ga. App. 508 (1) (422 SE2d 915) (1992). However, the statute does not authorize an appeal by the state when the exclusion of evidence is based upon some general rule of evidence. *State v. Brown*, 185 Ga. App. 701 (365 SE2d 865) (1988). Our exami-

nation of the record reveals the trial court's grant of the motion to suppress was based upon rules against the admission of hearsay. It is apparent from the transcript the focus of the hearing was whether the report should be admitted pursuant to one of the exceptions to the hearsay rule. In addition, it is clear from the court's order the decision to suppress was based upon the inadmissibility of the police report. The fact the order was one involving general rules of evidence is further borne out by the issues the state raises in its brief on appeal. All three enumerations of error involve hearsay issues. "If the trial court's ruling in this case were directly appealable by the State [under] OCGA § 5-7-1 [(a)] (4), it would necessarily follow that any and all adverse pre-trial evidentiary rulings in criminal cases would be directly appealable by the State." Id. at 702. Because the state has no authority to bring this appeal, the appeal must be dismissed. See *State v. McKenna*, 199 Ga. App. 206, 207 (404 SE2d 278) (1991); see also *Brooks v. State*, 206 Ga. App. 485, 489 (3) (425 SE2d 911) (1992).

*Appeal dismissed. Beasley, P. J., and Andrews, J., concur.*

DECIDED AUGUST 26, 1994.

*Ben F. Smith, Jr., Solicitor, Barry E. Morgan, Mark A. Basurto, Assistant Solicitors*, for appellant.

*Hesmer & Manning, Jane P. Manning*, for appellee.

