## S94G1826. BERKY v. THE STATE.
(463 SE2d 891)

CARLEY, Justice.

Peter Gabor Berky was charged with DUI, driving with an unlawful alcohol concentration, speeding, and improper lane change. He filed a motion in limine to exclude a videotape allegedly showing his commission of the offenses charged. Because the arresting officer was killed in an unrelated incident after Berky's arrest, the State was unable to lay the foundation for the admission of the videotape, and the trial court entered an order granting the motion in limine. When the case was called for trial, the State announced that, in light of the trial court's order, it was unable to prosecute, and the trial court dismissed

---

the case for want of prosecution. The Court of Appeals reversed, adopting the "silent witness" theory for admission of videotapes. *State v. Berky*, 214 Ga. App. 174 (447 SE2d 147) (1994). We granted Berky's petition for certiorari to determine whether the Court of Appeals erred by accepting jurisdiction of the State's appeal from the trial court and, if not, whether the Court of Appeals erred by adopting the "silent witness" rule.

There is no basis for the State's appeal of an order granting a defendant's motion in limine on general evidentiary grounds. OCGA § 5-7-1 (a); *State v. Land-O-Sun Dairies*, 204 Ga. App. 485, 487 (419 SE2d 743) (1992). However, the State does have a right of direct appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof." OCGA § 5-7-1 (a) (1). Indeed, an order of dismissal for want of prosecution is appealable in some instances. *State v. Luttrell*, 207 Ga. App. 116 (427 SE2d 95) (1993). See *State v. Grimes*, 194 Ga. App. 736 (392 SE2d 727) (1990). Compare *State v. Gribble*, 169 Ga. App. 446 (313 SE2d 720) (1984) (dismissal for lack of prosecution after the close of evidence). Nevertheless, whether an order constitutes a dismissal of the indictment or accusation so that such an order is subject to appeal by the State under OCGA § 5-7-1 (a) (1) "depends not upon the terminology used by the court, but upon the substance of the trial court's action. [Cit.]" *Morris v. State*, 262 Ga. 446, 447-448 (421 SE2d 524) (1992). Accordingly, even though an order is denominated as one of those which is appealable by the State, OCGA § 5-7-1 (a) does not authorize an appeal if the order is the result of the exclusion of evidence based upon some general rule of evidence. *State v. Lavell*, 214 Ga. App. 525 (448 SE2d 270) (1994) (motion to suppress).

In this case, there was no defect in the accusation, nor was one alleged. *Morris v. State*, supra at 447-448. The record shows that the admissibility of the videotape under general rules of evidence was the only issue ever decided by the trial court. That decision was the basis of the State's announcement that it was not ready and was the only issue raised on appeal. See *Lavell*, supra at 526. The State cannot, by choosing to discontinue the prosecution based on an adverse evidentiary ruling, circumvent OCGA § 5-7-1 (a) and create an alternative avenue for appeal. *State v. Land-O-Sun Dairies*, supra at 487 (motion in limine converted into motion to quash at State's request). If, in this case, the trial court's dismissal "were directly appealable by the State under OCGA § 5-7-1 [(a) (1)], any adverse pre-trial evidentiary ruling which excluded key evidence in a criminal case would be subject to direct appeal by the State." *Land-O-Sun Dairies*, supra at 486-487.

Construing OCGA § 5-7-1 (a) strictly against the State, as we are bound to do, we conclude that the State had no authority to appeal.

See *Lavell,* supra at 526; *Land-O-Sun Dairies,* supra at 487. Therefore, we vacate the judgment of the Court of Appeals and remand the case to that court with direction that the State's appeal be dismissed.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED DECEMBER 4, 1995.

*Russell T. Bryant,* for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor,* for appellee.

*Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito, Summer & Summer, Daniel A. Summer, Cheryl H. Kelley,* amici curiae.