## A94A0326. THE STATE v. BERKY.
### (473 SE2d 590)

BLACKBURN, Judge.

In *State v. Berky,* 214 Ga. App. 174 (447 SE2d 147) (1994), the trial court granted the *defendant's* pre-trial motion to dismiss following the State's announcement upon the call of the case that it could not proceed as the trial court had suppressed the videotape of the DUI arrest. The police officer had been killed and the State could not meet traditional foundational requirements for admission of the videotape. Upon the State's appeal, we joined an overwhelming majority of states and adopted the silent witness theory for admission of videotapes in Georgia, reversing the trial court's grant of Berky's motion to dismiss.

On certiorari, the Georgia Supreme Court reversed our decision for lack of jurisdiction, finding that there was no basis for the State's appeal of the granting of *defendant's* motion to dismiss, notwithstanding the provisions of OCGA § 5-7-1 (a) (1), which grants to the State a right of direct appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof." The Supreme Court held that the dismissal resulted from a general evidentiary ruling by the trial court on the motion to suppress. *Berky v. State,* 266 Ga. 28 (463 SE2d 891) (1995).

Our Supreme Court relied upon *State v. Lavell,* 214 Ga. App. 525 (448 SE2d 270) (1994), a case which *did not involve a dismissal of the accusation,* but rather was simply an interlocutory appeal of a general evidentiary ruling, that being the trial court's suppression, on hearsay grounds, of the police report, where the police officer was unavailable to testify because he had been killed.

Our Supreme Court further relied upon *State v. Land-O-Sun Dairies,* 204 Ga. App. 485, 487 (419 SE2d 743) (1992) a case in which the record reflected that the trial court granted defendant's pre-trial motion to exclude the testimony of certain witnesses, a non-

appealable general evidentiary ruling. Thereafter, the State *requested* that the court treat the motion as a motion to quash the indictment so that it could appeal the order. Over objection, the trial court agreed and granted the motion to quash. The State appealed, and this Court held that the State could not circumvent the statute and create avenues for appeal by requesting a trial court to *convert* an adverse general evidentiary ruling into a motion to quash the indictment, and that this Court had no jurisdiction *because the order became one quashing the indictment only at the State's request.*

*Morris v. State*, 262 Ga. 446, 447-448 (421 SE2d 524) (1992), cited by our Supreme Court, involved a double jeopardy issue. In mid-trial, the trial court dismissed the State's case following the State's failure to disclose the identity of an informant, after having been ordered to do so by the court. The State appealed, and this Court held that the trial court's action constituted a dismissal of the indictment and the State was entitled to an appeal under OCGA § 5-7-1 (a) (1). The Supreme Court's review on certiorari was *limited to the merits of defendant's motion to dismiss the State's appeal on grounds of double jeopardy.* The Supreme Court held that because the termination of the trial was improper, further prosecution was prohibited and therefore the State's appeal should have been dismissed.

This case, unlike those cited by the Supreme Court, involves an appeal by the State from a *dismissal initiated by the defendant.* It does not involve an intentional attempt to manipulate the court's ruling so as to create a right of appeal as was the case in *State v. Land-O-Sun Dairies*, supra. Neither does it involve a double jeopardy issue as was the case in *Morris v. State*, supra. This case does involve a dismissal of the accusation, unlike *State v. Lavell*, supra, which was simply a general evidentiary interlocutory ruling with no dismissal of the accusation.

In *State v. McCard*, 173 Ga. App. 504 (326 SE2d 856) (1985), we allowed the direct appeal by the State of the trial court's grant of the defendant's motion in limine to exclude the results of his blood-alcohol test. In doing so we relied on our Supreme Court's answer to a certified question in *State v. Strickman*, 253 Ga. 287 (319 SE2d 864) (1984). Therein, our Supreme Court answered the following certified question from this Court: " 'Although otherwise considered an interlocutory ruling, in a criminal case where the defendant's pretrial motion in limine to suppress evidence is granted based upon allegations *not* involving illegal search and seizure, is the grant of such motion in limine subject to direct appeal by the state under OCGA § 5-7-1 (4)?' " (Emphasis supplied.) OCGA § 5-7-1 (a) (4) provides for an appeal from the State "[f]rom an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the

case of motions made and ruled upon prior to the impaneling of a jury." Our Supreme Court held "that if a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the state." *Strickman,* supra at 288. The Supreme Court construed the language of OCGA § 5-7-1 (a) (4) liberally, finding that "the appeal statute [was] remedial in nature, so that an error committed by a trial judge, which otherwise might work a miscarriage of justice, can be corrected on appeal." Id.

Under the ruling of our Supreme Court in *Berky,* it would appear that it would be procedurally impossible for the State to initiate an appellate review of the "Silent Witness Theory" in Georgia. Although not before us in the present case, we are pleased to note that the 1996 legislature passed and the Governor signed House Bill 1235 to be codified at OCGA § 24-4-48 which provides for the admissibility of photographs, motion pictures, videotapes, and audio recordings where the authenticating witness is unavailable.

We are bound by the decisions of our Supreme Court, and accordingly, our earlier opinion in this matter is hereby vacated, and we adopt the opinion of the Supreme Court.

*Opinion vacated and appeal dismissed. Birdsong, P. J., Pope, P. J., and Johnson, J., concur. Beasley, C. J., and McMurray, P. J., concur specially. Andrews, Smith and Ruffin, JJ., concur in the judgment only.*

BEASLEY, Chief Judge, concurring specially.

I concur in the vacation of our earlier opinion and the dismissal of the appeal, but not in the view expressed in the new opinion, that this court would have jurisdiction but for the ruling of the Supreme Court on certiorari. I do agree that we are bound to follow the direction of the Supreme Court. Ga. Const. Art. VI, Sec. VI, Par. VI. The Supreme Court determined that OCGA § 5-7-1 did not authorize an appeal by the State from the trial court order, so it should have been dismissed by this Court.

Although I concurred in the judgment and opinion when this Court first decided the case, see *State v. Berky,* 214 Ga. App. 174 (447 SE2d 147) (1994), the appeal clearly should have been dismissed.

The State's notice of appeal states that it is from the dismissal of the accusation for want of prosecution but takes care to state that the transcript of the hearing on the "motion to suppress/motion in limine" will be filed for inclusion.

The State's enumerations of error and brief make it self-evident that its appeal was from the unappealable grant of the motion in limine. The enumerations are that "The trial court erred in dismissing the accusation for want of prosecution" and that "The trial

court erred in granting [Berky's] motion in limine to exclude video-tape evidence of the alleged crime." The first enumeration was subsumed in the second by a combined argument, which is summarized at the outset by the statement that "The trial court erred in dismissing the accusation for want of prosecution when the State could not prosecute because the trial court erroneously excluded the sole evidence of the crime." The argument focused entirely on the admissibility of the videotape.

After the State filed its brief, the defendant simultaneously filed his brief plus a motion to dismiss the appeal and brief in support of it. He pointed out that OCGA § 5-7-1 did not authorize the State's appeal and cited an unpublished case in which this Court a few months earlier had dismissed the State's application for leave to appeal an interlocutory order granting defendant's motion in limine. The basis for the dismissal was that neither subsection (3) nor subsection (4) of OCGA § 5-7-1 (a) authorized an appeal by the State. *State v. Land-O-Sun Dairies*, 204 Ga. App. 485, 487 (419 SE2d 743) (1992), and *State v. Hollomon*, 132 Ga. App. 304 (208 SE2d 167) (1974), were cited in the order. The substantive issue was the same: the admissibility of a videotape depicting an arrest by the same officer, who was killed a few days after the arrest. Reconsideration and certiorari were denied in that case. Defendant Berky urged that the State's appeal was frivolous because of the dismissal in the earlier case; it actually was ordered two weeks before the motion hearing in Berky's case.

The State replied that jurisdiction was provided by subsection (1), which allows it to appeal from an order dismissing an accusation, even "[w]here the dismissal is a direct and sole result of the trial court's exclusion or suppression of ALL of the State's evidence."

We did not expressly rule on the motion but instead issued an opinion on the merits, impliedly denying the motion or at least in effect denying it by our action. Defendant moved for reconsideration and pointed out the problem of jurisdiction and the absence of a ruling on his motion. He noted that the State was in fact not appealing from the dismissal of the accusation because it did not object to the dismissal when it announced that it was not ready to proceed with the trial. The motion for reconsideration was denied and the petition for certiorari was granted.

The activity in the trial court reveals that the issue was prompted not by the defendant but by the State, in the first place.

Defendant filed a motion to suppress scientific tests and his own statements, if any, on the grounds of an illegal stop, detention, and arrest. No mention was made of the videotape or of the officer's death. The State responded to the motion by filing a "Brief in Support of Admissibility of Videotape and Police Report" which did not

address the subject of the motion except peripherally.

At the hearing, the defendant made an oral motion in limine to preclude the videotape, and both the State and defendant requested a ruling on this motion before the court and the parties addressed the motion to suppress. The court obliged and granted the motion on the authority of *Allen v. State*, 146 Ga. App. 815 (247 SE2d 540) (1978), whereupon defendant withdrew his motion to suppress.

On the day set for jury trial, defendant announced "ready" and the State announced that it was unable to prosecute in light of the ruling on the motion in limine. Defendant moved for dismissal of the accusation for want of prosecution and the court was compelled to grant it.

Although an appellate ruling on the substantive issue of admissibility may be desirable, as the trial court suggested at the outset of the motion hearing, the procedure utilized here does not present it, as the Supreme Court explained. This was not, in actuality, an appeal from an order dismissing an accusation, as is permitted by OCGA § 5-7-1 (a) (1).

In cases not affected by OCGA § 24-4-48, which was enacted by the General Assembly in 1996, the issue of the admissibility of the videotape must await a proper appeal, such as an instance where a trial court admits, over defendant's objection, such evidence or other evidence generated by a law enforcement officer who dies before trial. If defendant is convicted, the issue will be ripe for resolution by an appellate court in an appeal taken by defendant.

Or, utilizing the interlocutory procedure in OCGA § 5-6-34 (b), a defendant could raise it on a granted application for review of the denial of a defendant's motion in limine to exclude the evidence. See, e.g., *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987); *Deckard v. State*, 210 Ga. App. 421 (436 SE2d 536) (1993). But the opposite is not permitted. The State could not raise this issue through an interlocutory application after the grant of a motion in limine excluding the tape evidence. OCGA § 5-7-1; *State v. Land-O-Sun Dairies*, supra; *State v. McKenna*, 199 Ga. App. 206 (404 SE2d 278) (1991); *State v. Hollomon*, supra.

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

DECIDED JULY 9, 1996.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellant.
*Russell T. Bryant*, for appellee.