A96A0694. THE STATE v. PASTORINI.
(486 SE2d 399)

POPE, Presiding Judge.

Defendant Frank Pastorini filed a motion in limine and motion to suppress three field sobriety tests that were given to him at the scene of an accident. The three tests were the "one leg stand," "walk and turn" and "horizontal gaze nystagmus." Following a hearing on the motions, the trial court suppressed the introduction of all of the tests. The State appealed the trial court's ruling, and we reversed the trial court with regard to the admissibility of the one leg stand and walk and turn tests. *State v. Pastorini*, 222 Ga. App. 316 (474 SE2d 122) (1996). The Supreme Court of Georgia granted Pastorini's application for certiorari, and thereafter, remanded the case to us for a determination as to the State's right to appeal the trial court's ruling in light of *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995).

In *Berky*, the Supreme Court, relying in part on our holding in *State v. Lavell*, 214 Ga. App. 525 (448 SE2d 270) (1994), reiterated the well established rule that the State may not appeal a trial court's order suppressing evidence when the order is based only upon some general rule of evidence. 266 Ga. at 29. As acknowledged in *Lavell*, however, under OCGA § 5-7-1 (a) (4), the State is authorized "to directly appeal the grant of a motion to suppress whenever the trial court's exclusion of evidence is based upon its determination that the state unlawfully obtained the evidence." (Citation omitted.) 214 Ga. App. at 525; see *State v. McKenna*, 199 Ga. App. 206, 207 (404 SE2d 278) (1991).

While it is true that the trial court's order in the instant case concluded in part that the sobriety tests should be suppressed based on certain general rules of evidence, the order also expressly concluded as a matter of law that the field sobriety tests had to be suppressed because Pastorini was not read his *Miranda* warnings prior to administration of the tests. Accordingly, Pastorini's motion at least in part was granted on the grounds that the evidence in question had been obtained in violation of law. Based on this fact, we conclude that the State was authorized to directly appeal the order pursuant to OCGA § 5-7-1 (a) (4). Therefore, we further conclude that this Court had jurisdiction to hear the appeal.

In light of the above and our original opinion in this case, we remand the case to the trial court for trial. During trial, evidence regarding the one leg stand and walk and turn field sobriety tests

taken by Pastorini shall be admissible as set forth in the holding reached in our original opinion.

*Case remanded to the trial court with direction. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Beasley, Johnson, Blackburn, Smith and Ruffin, JJ., concur.*

DECIDED APRIL 24, 1997 — 

 Before Judge Fuller.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Allison L. Thatcher, Assistant Solicitors*, for appellant.

*William C. Head*, for appellee.