S98A0994, S98A1065. RITTER v. THE STATE; and vice versa.
(506 SE2d 857)

FLETCHER, Presiding Justice.

In this death penalty case, Hughey Edward Ritter is charged with the murder of Jack Stuart Barnhill by beating him with a stick. The trial court granted Ritter's motion for a mistrial based on the state's improper questioning of its first witness. Ritter sought to prevent a retrial, and the state sought recusal of the trial judge. We affirm the trial court's denial of Ritter's plea in bar because there is no evidence that the state intended to cause the mistrial and dismiss the state's appeal because it does not have a statutory right of direct appeal from a decision on a motion to recuse.

In a previous appeal in this case, we affirmed the trial court's pretrial ruling that excluded Ritter's custodial statement because it was not freely and voluntarily made.[1] At trial during the state's questioning of Lori Chromi, its first witness, she testified that Ritter asked her if she knew anyone who might have a gun that they

[13] See *Lau's Corp.,* supra.
[1] *State v. Ritter,* 268 Ga. 108 (485 SE2d 492) (1997).

wanted to get rid of and they could both make some money if she had access to one. Ritter moved for a mistrial on the grounds that the state impermissibly placed his character into issue. The state countered that the evidence was relevant as to motive, showing that Ritter needed money an hour before he robbed and killed Barnhill.

The trial court granted a mistrial, and Ritter sought a plea in bar based on double jeopardy. The assistant district attorney filed two motions to recuse the trial judge on the grounds that he was biased against the district attorney's office and opposed the death penalty. Ritter appeals the denial of his plea in bar in Case No. S98A0994; the state appeals the grant of the motion for a mistrial and the denial of the motions to recuse in Case No. S98A1065.

## DOUBLE JEOPARDY

1. The Georgia Constitution provides: "No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial."[2] The double jeopardy clause stands as a bar to retrial when "the prosecutor has goaded the defense into making a motion for a mistrial" to avoid a reversal of the conviction based on prosecutorial or judicial error.[3] In that situation, the defendant must show that the prosecutor engaged in intentional misconduct to secure a second opportunity to try the case.[4] Ritter has not shown that the prosecutor's questioning of the state's witness rises to the level of intentional misconduct necessary to bar a retrial under the double jeopardy clause. Therefore, the trial court correctly denied Ritter's plea in bar.

## STATE'S RIGHT OF DIRECT APPEAL

2. The state does not have a right to appeal decisions in criminal cases except as provided by statute.[5] OCGA § 5-7-1 lists five situations in which the state may appeal in criminal cases to the court of appeals or this Court. The state may appeal from any order, decision, or judgment: (1) setting aside or dismissing an indictment or accusation, (2) arresting a judgment of conviction on legal grounds, (3) sustaining a plea in bar, (4) sustaining a pre-trial motion to suppress, or (5) transferring certain cases to juvenile court. In each instance, the trial court has rendered a decision that either expressly or implicitly resolves the case by preventing further prosecution of the criminal

---

[2] Constitution of the State of Georgia of 1983, art. I, sec. I, para. XVIII; see also U. S. Const. amend. V.

[3] *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232) (1988).

[4] See *Dinning v. State*, 267 Ga. 879 (485 SE2d 464) (1997).

[5] *State v. Smith*, 268 Ga. 75 (485 SE2d 491) (1997).

charge in superior court. In contrast, a decision on the recusal of the trial judge is an interlocutory matter that can never dispose of a criminal case. Because an order denying the state's motion to recuse is not expressly included in the list enumerated in OCGA § 5-7-1, we dismiss this appeal.[6]

*Judgment affirmed in Case No. S98A0994 and appeal dismissed in Case No. S98A1065. All the Justices concur.*

CARLEY, Justice, concurring.

I concur fully in the affirmance of the judgment in Case Number S98A0994. With regard to the dismissal of Case Number S98A1065, I must concur reluctantly, because OCGA § 5-7-1, as presently worded, does not authorize the State to appeal from the denial of its motion to recuse the trial judge in a criminal case. Because I perceive this to be a serious omission in the statute, I write separately to encourage the General Assembly to consider amending OCGA § 5-7-1 so as to permit the State to seek an appeal under these circumstances.

As the majority holds, the State has no right, even with the permission of the appropriate appellate court, to appeal in a criminal case other than in the five instances currently enumerated in OCGA § 5-7-1. *State v. Smith*, 268 Ga. 75 (485 SE2d 491) (1997); *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995). Although an appeal from the denial of the State's motion to recuse is not one of those enumerated instances, such an appeal was heard by this Court in *State v. Fleming*, 245 Ga. 700 (267 SE2d 207) (1980). However, the issue of jurisdiction was not addressed in *Fleming* and, therefore, that decision is not authority for the proposition that the State can appeal from the denial of its motion to recuse in a criminal case. See *Griffin v. Hardware Mut. Ins. Co.*, 212 Ga. 130, 131 (91 SE2d 10) (1956).

Nevertheless, there can be no doubt that the denial of a motion by the prosecution to recuse a trial judge can be crucial to the ultimate disposition of a criminal case. A trial court who is alleged to harbor prejudice against the State or in favor of the defendant is certainly no less of a potential impediment to the administration of justice in a criminal proceeding than is any of the five rulings which presently are designated as appealable in OCGA § 5-7-1. The State's motion for recusal will not invariably be meritorious, just as the grant of a defendant's motion to suppress evidence or to dismiss an indictment is not always erroneous. Thus, every trial judge who is the subject of the State's unsuccessful motion should not necessarily be recused from presiding over a criminal case. Unlike the grant of a motion to suppress or the dismissal of an indictment, however, every

---

[6] See id. at 76 (dismissing state's appeal of order disqualifying the district attorney's office from prosecuting the defendant).

denial of the State's recusal motion is currently insulated from appellate review.

At least one other jurisdiction has recognized the importance of allowing the State to appeal from an adverse ruling on its motion to recuse in a criminal case. The statutes of Louisiana permit the State to appeal from such a ruling. LSA – C.Cr.P. arts. 684, 912 (B) (6). I encourage the General Assembly to follow the example of our sister state of Louisiana and to amend OCGA § 5-7-1 so as to permit the State to bring an appeal from the denial of its motion to recuse in a criminal case.

I am authorized to state that Justice Hunstein joins in this opinion.

DECIDED OCTOBER 5, 1998.

*Lee Sexton & Associates, Lee Sexton, Montgomery & McDonald, Colin E. McDonald,* for appellant.
*Robert E. Keller, District Attorney, David B. Hornsby, Gregory R. Sturtevant, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.