S99G0852. GLENN v. THE STATE.
(523 SE2d 13)

THOMPSON, Justice.

Antonio Glenn was arrested and charged with various narcotics and weapons offenses, based on information provided to the police by a confidential informant. He filed a motion to compel the State to disclose the identity of the informant; in response, the State invoked the informant's privilege, OCGA § 24-9-27 (d). The trial court granted Glenn's motion to compel disclosure and the State sought and was granted interlocutory review in the Court of Appeals, which reversed the judgment of the trial court. *State v. Glenn*, 236 Ga. App. 512 (512 SE2d 660) (1999). We granted Glenn's petition for writ of certiorari to determine whether the Court of Appeals had jurisdiction to entertain the State's appeal.

1. The State does not have a right of appeal in criminal cases, except as provided by OCGA § 5-7-1.[1] *State v. Smith*, 268 Ga. 75 (485 SE2d 491) (1997). That Code section sets out the limited instances in which an appeal may be taken by the State in criminal cases to the appropriate appellate court.

> The state may appeal from any order, decision, or judgment:
> (1) setting aside or dismissing an indictment or accusation,
> (2) arresting a judgment of conviction on legal grounds, (3) sustaining a plea in bar, (4) sustaining a pre-trial motion to suppress, or (5) transferring certain cases to juvenile court.

---

[6] N.Y. Penal Law § 175.35.

[1] See also OCGA § 5-7-1.1, which governs the State's right of appeal in delinquency cases.

In each instance, the trial court has rendered a decision that either expressly or implicitly resolves the case by preventing further prosecution of the criminal charge in superior court.

*Ritter v. State*, 269 Ga. 884, 885 (2) (506 SE2d 857) (1998). In construing OCGA § 5-7-1 strictly against the State as we are bound to do, *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995), we conclude that there was no authority for the State to appeal from the grant of a motion to disclose the identity of the confidential informant. It was not among the enumerated instances set forth above, nor was the order dispositive of the charges against Glenn. *Ritter*, supra. Accordingly, the Court of Appeals was without jurisdiction to entertain the State's application for appeal.

2. Because the initial question of jurisdiction is dispositive of the case, we need not consider whether the State's application for interlocutory appeal was timely under OCGA § 5-6-34 (b).[2]

We therefore vacate the judgment of the Court of Appeals and remand to that court with direction that the State's appeal be dismissed.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Ronnie Joe Lane*, for appellant.
*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.

---

[2] After obtaining a certificate of immediate review, the State filed an application for interlocutory appeal in the Court of Appeals. The Clerk of the Court of Appeals notified the State that it had neglected to pay the necessary filing fee and the application could not be accepted for filing. However, as of that date, the time for filing the application had run under OCGA § 5-6-34 (b). In an attempt to cure the procedural defect, the prosecutor asked the trial court to vacate and reissue its order and certificate of review, which the court agreed to do. The reissued orders were submitted to the Court of Appeals along with another application for interlocutory appeal, which was accepted by that Court.