## A02A1846. THE STATE v. KRAMER.
(580 SE2d 314)

BARNES, Judge.

The State appeals from the trial court's order granting Edward Kramer's motion to suppress videotapes seized from his home during the execution of a search warrant. For the reasons that follow, we affirm.

When reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to upholding the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. *State v. Bute*, 250 Ga. App. 479 (552 SE2d 465) (2001). When a defendant moves to suppress evidence based on an illegal search, the State bears the burden of proving that the search was lawful. *State v. Jones*, 245 Ga. App. 763, 765 (2) (538 SE2d 819) (2000).

So viewed, the evidence shows that Kramer was indicted for one count of aggravated child molestation and three counts of child molestation. The police obtained a search warrant and searched Kramer's home for "computer hardware (CPU), software, documentation, passwords, digital images, data security devices, hand held cameras, multiple rolls of undeveloped film, developed standard sized pictures, and VHS videotapes." In the affidavit supporting the warrant, the executing officer said that an anonymous informant called the Department of Family and Children Services and expressed concern regarding Kramer's relationship with three minor boys, ages twelve, thirteen, and fifteen. The boys initially denied having an inappropriate relationship with Kramer, but later one of the boys made an outcry to his mother and confirmed that Kramer had molested him. The boy told an investigator that Kramer would take naked photographs of him and also performed oral sex on him.

In further explaining his application for the warrant, the officer averred,

> There are persons whose sexual objects are children. They receive sexual gratification and satisfaction from actual physical contact with children and from fantasy involving use of pictures, other photographic media on or about sexual activity with children. These people collect sexually explicit materials consisting of photographs, pictures, videotapes,

books, slides, computer images and magazines depicting juveniles which they use for their sexual gratification. . . . All of the materials requested for seizure will identify children who are being or have been sexually exploited through child molestation and child pornography. . . . In addition these materials will demonstrate the sexual proclivity, inclination, preference and activities of the person in custody.

The officer did not provide any oral testimony to the magistrate in support of the application. The magistrate found probable cause and issued the warrant, and upon searching Kramer's home, police seized, among other items, 113 VHS videotapes, two Beta videotapes, sixty black and white photographs of young boys, three sheets of negatives with young boys, a camera, a large sword, and two DVC digital videocassettes.[1]

Kramer moved to suppress the evidence obtained from the search, and following a hearing, the trial court granted the motion as to the sword but reserved ruling on the VHS tapes. The State notified Kramer that it intended to introduce into evidence 13 of the seized videotapes. Kramer filed an amended motion to suppress the videotapes, and following a second hearing, the trial court granted the motion.

1. We first address Kramer's argument that this Court does not have jurisdiction to review this appeal because it is not authorized under OCGA § 5-7-1. See *Ritter v. State*, 269 Ga. 884, 885-886 (2) (506 SE2d 857) (1998).

Generally, the State may appeal "[f]rom an order, decision, or judgment suppressing or excluding evidence illegally seized . . . ," OCGA § 5-7-1 (a) (4), but it may not appeal the exclusion of evidence which is based only upon some general rule of evidence. *Berky v. State*, 266 Ga. 28, 29 (463 SE2d 891) (1995); *State v. Lavell*, 214 Ga. App. 525 (448 SE2d 270) (1994). The State, however, may appeal an order that suppresses evidence based upon general rules of evidence *and* a determination that the evidence was illegally obtained. *State v. Pastorini*, 226 Ga. App. 260 (486 SE2d 399) (1997). Kramer moved to suppress the videotapes on the grounds that the warrant was improper on its face and also that the videotapes would be inadmissible even if the warrant was found sufficient. While the order granting the motion to suppress the videotapes did not state the basis for the grant, because both grounds were argued in the motion to suppress, we find that the State was authorized to appeal the suppres-

---

[1] Kramer had a collection of over 400 primarily mainstream VHS and DVD movies, including "The Blues Brothers," "Conspiracy Theory," "Saving Private Ryan," and "Gladiator."

sion of the videotape pursuant to OCGA § 5-7-1 (a) (4). Id.; see also *State v. Forehand*, 246 Ga. App. 590, 594 (2) (542 SE2d 110) (2000).

2. As noted earlier, the search warrant described the items to be seized as follows: "Computer hardware (CPU), software, documentation, passwords, digital images, data security devices, hand held cameras, multiple rolls of undeveloped film, developed standard sized pictures, and VHS videotapes." The list of sought property contained in the affidavit in support of the warrant was identical, and further described the items as "instruments used in the crimes of child molestation, 16-6-4, and the sexual exploitation of children, 16-12-100."

Our Supreme Court has held that

[t]he 4th Amendment to the United States Constitution and Art. I, Sec. I, Par. XIII of Georgia's Constitution require that a search warrant particularly describe the article or articles sought. While the degree of the description's specificity is flexible and will vary with the circumstances involved, it cannot leave the determination of what articles fall within the warrant's description and are to be seized entirely to the judgment and opinion of the officer executing the warrant. This is especially true where the article or articles described in the warrant are presumptively protected by the 1st Amendment's guarantee of the freedom of speech as are the videotapes in this case. In *New York v. P. J. Video*, 475 U. S. 868, 873-874 (106 SC 1610, 89 LE2d 871) (1986), the United States Supreme Court reiterated its holding in *Lee Art Theatre v. Virginia*, 392 U. S. 636 (88 SC 2103, 20 LE2d 1313) (1968) by announcing that: a warrant authorizing the seizure of materials presumptively protected by the First Amendment may not issue based solely on the conclusory allegations of a police officer that the sought-after materials are obscene, but instead must be supported by affidavits setting forth specific facts in order that the issuing magistrate may "focus searchingly on the question of obscenity."

(Citations, punctuation and footnote omitted.) *Dobbins v. State*, 262 Ga. 161, 164 (3) (415 SE2d 168) (1992).

In the present case, while the items sought were described as "instruments used in the crimes of child molestation," there is absolutely no evidence that the victim was exposed to any videotapes. See OCGA § 17-5-21 (a) (1). There is no evidence that Kramer showed videotapes to the victim, videotaped the victim, or watched videotapes with the victim. Further, the warrant did not even elaborate what type of videotape was to be seized, whether commercially or pri-

vately produced, pornographic, or otherwise. "The warrant left the determination of what items were [to be seized] entirely to the discretion of the officers executing the warrant and conducting the search." *Dobbins v. State*, supra, 262 Ga. at 164 (3). "[T]he search warrant's description was so open-ended that the warrant was a general warrant in violation of both the United States and Georgia constitutions." Id.

While we recognize that circumstances may make an exact description of instrumentalities a virtual impossibility and that in those circumstances "the searching officer can only be expected to describe the generic class of items he is seeking," *Tyler v. State*, 176 Ga. App. 96, 97 (1) (335 SE2d 691) (1985), a warrant authorizing the seizure of "videotapes" with nothing more does not pass constitutional muster. Compare *Cooper v. State*, 212 Ga. App. 34, 35-36 (2) (441 SE2d 448) (1994) (the material seized was specifically identified by victim as items shown to her in furtherance of the criminal offense, and affidavit specifically described the material sought as videotapes and magazines that show nude males and females posing or involved in sexual acts).

Because the warrant was constitutionally inadequate, the trial court did not err in granting the motion to suppress the videotapes.

*Judgment affirmed. Ruffin, P. J., concurs. Adams, J., concurs in the judgment only.*

DECIDED MARCH 26, 2003.

*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellant.

*Chandler & Britt, Walter M. Britt, James S. Altman*, for appellee.