**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 1, 2022**

# In the Court of Appeals of Georgia

A21A1711. THE STATE v. PETTY.

BARNES, Presiding Judge.

This appeal arises from the February 2018 traffic stop of Thomas G. Petty. Petty was stopped for several traffic violations by a Fayetteville City police officer. When speaking with Petty, the officer noticed the odor of alcohol on his breath, however Petty refused to perform field sobriety tests, and was subsequently arrested for driving under the influence ("DUI"), less safe. The officer read him the implied consent notice and requested a breath test, but Petty did not consent to the test. During a search of Petty's vehicle, police recovered less than an ounce of marijuana.

The subsequent accusation against Petty charged him with, among other crimes not of consequence to this appeal, DUI less safe (combined influence of alcohol and drugs), DUI less safe (alcohol), DUI less safe (drugs). Petty filed a "particularized

motion to suppress evidence and motion in limine" requesting, pertinent to this appeal, the suppression of any evidence related to his "alleged refusal to submit to chemical testing at trial[.]" Following a hearing on the motion, the trial court entered an order on January 16, 2020 generally denying the motion to suppress (the "January order"). The trial court denied the motion "as to all issues raised in the [motion to suppress] other than the issue raised in *Elliott v. State* [, 305 Ga. 179 (824 SE2d 265) (2019)],"[1] and thus concluded that "the State may not offer any evidence of implied consent or [Petty's] refusal."

In April 2021, the day before trial was scheduled to start, Petty filed a motion in limine requesting a pre-trial ruling as to whether he would be permitted to question the arresting police officer about certain topics, including, germaine to this appeal, the officer's failure to acquire a search warrant for Petty's blood, given the DUI less safe (drugs) accusation. Petty expressed concern that such questioning could "inadvertently open the door" to the admission of evidence the trial court had earlier suppressed per *Elliott* regarding Petty's refusal to submit to a breath test.

---

[1] In *Elliott*, our Georgia Supreme Court found that the Georgia Constitution "precludes admission of evidence [at a criminal trial] that a suspect refused to consent to a breath test." *Elliott*, 305 Ga. at 223 (IV) (E).

At the ensuing hearing on the motion in limine, in ruling on whether Petty could ask about the lack of a blood test for drugs, the trial court concluded that

> [w]hat I think would be fair and reasonable in this case would be . . . to keep it very limited at least as to drugs, why didn't [the officer] seek a blood test. . . . I don't want to get into why didn't [the officer] seek a test because then I think that would actually not be an honest question because [the officer] did seek a test. But why didn't you seek a blood test as to drugs, I want[] to keep it very limited to that and maybe the mechanism [the officer] could've gone for a magistrate to do that.

In its corresponding June 3, 2021 order on the motion (the "June order"), the trial court held that it would not open the door or "undo" the trial court's previous suppression of evidence that Petty had refused the breath test if Petty "ask[ed] questions pertaining to the issue of obtaining a warrant through a magistrate for a blood sample." The trial court further held that Petty could not "ask whether or not a blood test would have shown the amount of alcohol in his system."

The State appeals from the June order and asserts that the trial court erred in its pre-trial ruling that Petty could question the arresting officer about the lack of a search warrant to obtain Petty's blood, without opening the door to evidence of

Petty's refusal to submit to chemical testing. Following our review, and finding that we lack jurisdiction, we dismiss the appeal.

The State's notice of appeal cites to both OCGA § § 5-7-1 (a) (4) and (a) (5) as authority to appeal the trial court's order. Petty contends, however, that the appeal is not permitted under either statutory basis. According to Petty, the State's appeal is not authorized under OCGA § 5-7-1 (a) (4) because the State concedes that it is not appealing the January order that suppressed evidence of the breath test refusal. Further, Petty maintains, the State cannot appeal the June order pursuant to either statutory provision because his motion in limine was not seeking to exclude evidence, but rather sought to clarify the scope of the January order, and also that the order did not require the exclusion of evidence.

It is well established that "[t]his Court has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court."(Citation and punctuation omitted.) *Pounds v. State*, 309 Ga. 376, 377 (846 SE2d 48) (2020). "OCGA § 5-7-1 (a) sets forth the various circumstances under which the State may file an appeal, including, . . . suppressing or excluding illegally seized evidence,

§5-7-1 (a) (4)[2]; or excluding the State's evidence at trial under certain conditions, §5-7-1 (a) (5)."[3] *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020). "[I]f the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." (Punctuation omitted.) Id.

The State acknowledges that it is not appealing the January order suppressing the breath test refusal, pointing out that "the Trial Court has ruled and the State has

---

[2] OCGA § 5-7-1 (a) (4) permits the State to appeal, "From an order, decision, or judgment suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]"

[3] OCGA §5-7-1(a) (5) provides that the State may appeal
From an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, if: (A) Notwithstanding the provisions of Code Section 5-6-38, the notice of appeal filed pursuant to this paragraph is filed within two days of such order, decision, or judgment; and (B) The prosecuting attorney certifies to the trial court that such appeal is not taken for purpose of delay and that the evidence is a substantial proof of a material fact in the proceeding[.]

5

agreed that Appellee's refusal to submit to a breath test after being read Implied Consent is not admissible at trial." It should also be noted that the appeal was filed well beyond the deadline for the filing of a notice of appeal from the January order as "the usual thirty-day deadline for filing a notice of appeal established in OCGA § 5-6-38 applies to every type of appeal the State files under OCGA § 5-7-1 (a) for which a more specific deadline is not provided — including . . . [OCGA § 5-7-1 (a) (4)]." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020). See OCGA § 5-6-38 (a) (providing in pertinent part that, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion").

The State rather appears to contend on appeal that the June order "relates back" to the January order's suppression of the breath test refusal because it expanded the suppression of the evidence by prohibiting the State from presenting the suppressed evidence even if Petty opens the door by questioning the officer about not obtaining

6

a warrant for the blood test. Thus, the State asserts, this appeal is authorized under both statutory provisions. We do not agree.

OCGA § 5-7-1 (a) (4) permits the State to appeal, "[f]rom an order, decision, or judgment suppressing or excluding evidence . . . or excluding the results of any test for alcohol or drugs." OCGA §5-7-1 (a) (5) provides, pertinently, that the State may appeal "[f]rom an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy[.]" Thus, "paragraph (a) (5) permits appeals from orders excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned." (Citation and punctuation omitted.) *State v. Rosenbaum*, 305 Ga. 442, 449 (2) (826 SE2d 18) (2019). See *State v. Andrade*, 298 Ga. 464, 466-467 (782 SE2d 665) (2016) (clarifying that read in context with OCGA § 5-7-1 (a) (4), the "other evidence" referred to in OCGA § 5-7-1 (a) (5) "is most naturally and reasonably understood to authorize appeals from orders excluding evidence other than the evidence with which OCGA § 5-7-1 (a) (4) is concerned," thus "[a]n appeal from [an order suppressing evidence pursuant to OCGA § 5-7-1 (a) (4)] is not authorized by OCGA § 5-7-1 (a)

(5), which is concerned instead with evidence excluded on other grounds, such as evidence excluded pursuant to general rules of evidence.")

The June order from which the State appeals did not suppress any evidence, but instead concluded that if Petty pursued a certain area of inquiry during cross-examination, the inquiry would not open the door to the admission of Petty's breath test refusal. The trial court noted at the hearing on the related motion in limine, that the "January of 2020 [order] was to keep evidence out, and this is just a pretrial ruling on . . . whether this evidence can be deemed admitted [under certain circumstances] and allowed before the trial." And, OCGA § 5-7-1 (a) (4) "does not authorize an appeal [where, as here,] the order is the result of the exclusion of evidence based upon some general rule of evidence. [Cit.]" *Berky v. State*, 266 Ga. 28, 29 (463 SE2d 891) (1995) ("no basis for the State's appeal of an order granting a defendant's motion in limine on general evidentiary grounds. [Cits.]"). Accord *State v. Land-O-Sun Dairies, Inc*., 204 Ga. App. 485, 487 (419 SE2d 743) (1992) (finding that "[t]he State cannot circumvent the statute and create avenues for appeal by requesting a trial court to convert an adverse evidentiary ruling into a motion to quash the indictment and then appeal the adverse ruling that it requested."); *State v. McIntyre*, 191 Ga. App. 565, 566 (382 SE2d 669) (1989) (dismissing appeal and

8

concluding that, in strictly construing OCGA § 5-7-1 (a) against the State, appeal not authorized "because the State is not appealing from the trial court's order granting appellee's motion to suppress the seized evidence and is not challenging that ruling, but instead is appealing from the subsequent order compelling the return of the seized property to appellee.")

Cases such as *State v. Smith*, 308 Ga. App. 345 (707 SE2d 560) (2011), are clearly distinguishable. In *Smith*, the trial court prohibited the State from proffering evidence in opposition to the motion to suppress as a means of sanctioning the State, then granted the motion because the State was then unable to satisfy its burden of showing that the evidence was lawfully obtained. There we found that the trial court's order was directly appealable pursuant to OCGA § 5-7-1 (a) (4) because "the substance of the trial court's action was to bar the State from proffering evidence in opposition to Smith's motion to suppress." *Smith*, 308 Ga. App. at 352 (1). We further noted however that "the State's direct appeal [was] from an order that (1) was issued prior to the impaneling of a jury or Smith being put in jeopardy, and (2) granted Smith's motion to suppress evidence that was allegedly obtained in an illegal manner[.]" (Punctuation omitted.) Id.

Accordingly, as OCGA § 5-7-1 (a) (4) "does not authorize appeal from an order [which, where as here,] exclud[es] evidence based upon some general rule of evidence," the State cannot pursue an appeal of the June order under that provision. *Andrade*, 298 Ga. at 467.

Likewise, the State's appeal is foreclosed pursuant to OCGA § 5-7-1 (a) (5). "[T]he requirements set forth in § 5-7-1 (a) (5) . . . are jurisdictional and must be satisfied to confer jurisdiction on an appellate court. To properly invoke [our appellate Courts'] jurisdiction, a party must comply with the statutory provisions authorizing it to appeal." *State v. Wheeler*, 310 Ga. at 76 (3). Even assuming without deciding that the State could directly appeal the June order under OCGA § 5-7-1 (a) (5), that provision requires that the motion be filed at least 30 days before trial. The subject motion was filed one day before trial and the hearing on the motion in limine was held on the same day as the scheduled trial. Thus, as the requirements set forth in OCGA § 5-7-1 (a) (5) were not met, we lack jurisdiction. Accord *State v. Wheeler*, 310 Ga. at 81 (5) (ascertaining no jurisdiction where State failed to satisfy OCGA § 5-7-1 (a) (5) (B) by filing the required prosecutor's certification with the trial court more than four months after entry of the trial court's order the State sought to appeal).

Based on the foregoing, "[w]e find that the order appealed from does not represent any of the statutorily enumerated instances in which the State has the right to appeal." *State v. Sosebee*, 191 Ga. App. 725 (382 SE2d 681) (1989). And, because the State's appeal is not authorized by OCGA § 5-7-1 (a) (4) or OCGA § 5-7-1 (a) (5), we lack jurisdiction. Accordingly, this appeal is dismissed.

*Appeal dismissed. Gobeil and Markle, JJ., concur*.